## FARMERS' & MERCHANTS' NAT. BANK OF HOBART v. SCHOOL DIST. NO. 56, KIOWA COUNTY.

### No. 2116.    Opinion Filed March 10, 1913.

(130 Pac. 549.)

1.  **SCHOOLS AND SCHOOL DISTRICTS**—School Buildings—Contract—Public Policy.  A contract, made with a school district board by a county superintendent of the county in which such school district was located, to build a schoolhouse for said district, is void as being against public policy.

2.  **APPEAL AND ERROR**—Conflicting Evidence.  Where the testimony was oral and conflicting and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact.

(Syllabus by the Court.)

*Error from District Court, Kiowa County;*
*J. R. Tolbert, Judge.*

Action by the Farmers' & Merchants' National Bank of Hobart, Oklahoma, against School District No. 56, Kiowa County. Judgment for defendant, and plaintiff brings error. Affirmed.

*Geo. L. Zink* and *J. H. Cline,* for plaintiff in error.

*C. A. Morris,* for defendant in error.

WILLIAMS, J.  This proceeding in error is to review a judgment wherein the plaintiff in error, as plaintiff, sued the defendant in error, as defendant, on February 7, 1907, to recover (1) the sum of $400 and interest from December 31, 1902, on a certain school district warrant No. 2, issued by W. T. Keith, director, and F. W. Newman, clerk, of said district, alleged to have been issued when the school board of said district was in legal session and to have been registered by J. W. Clark as treasurer.  It was further alleged that (2) said warrant was issued in favor of E. L. Merchant and J. P. Evans and registered by J. W. Clark, treasurer; that at said time the said Merchant and Evans had a claim against said district "for labor and material furnished and moneys advanced in the building and construction of a schoolhouse for said school district"; that said warrant was thereafter and before the commencement of said action sold and transferred to the plaintiff, which was then the owner and holder of the same; that on July 12, 1906, and various other times, plaintiff had presented to the treasurer of said district said warrant and demanded payment thereon, which had been refused; that the material and labor furnished and money advanced were presumably worth the sum of $400, and the schoolhouse was worth the sum of $1,200.

The defendant answered by general denial, except that it admitted that it was a school district organization, as alleged, and that the warrant was issued, but denied that it was regularly issued, and specially denied liability for the payment of the same or any part thereof, and denied that on December 31, 1902, said Merchant and Evans had a legal claim for material and labor furnished and moneys advanced, and that any claim in writing was presented to the school board as a basis of the issuance of said warrant, or that there was a legal session of the school board held on that day authorizing the issuance of said warrant, or that the treasurer of said school district registered said warrant then or at any other time.  It was further alleged that neither at the time of the issuance of said warrant, to wit, December 31, 1902, nor at any time since, had a schoolhouse site been selected for said school district by a vote of the qualified electors thereof; that

508        SUPREME COURT OF OKLAHOMA.

Farmers' & Merchants' Nat. Bank of Hobart v. School Dist. No. 56.

no election, special or otherwise, has ever been held in said school district at any time for the issuance of bonds to build a schoolhouse or purchase a school site; that J. P. Evans was then superintendent of public instruction for Kiowa county, and E. L. Merchant was a traveling salesman for a school furniture house; that these two persons conspired together to defraud and cheat said school district, and caused to be irregularly and illegally issued said warrant No. 2, and also warrant No. 3, the last-named one being the one sued on in this cause, for the ostensible purpose of building a schoolhouse in said district; that these two warrants were delivered to Evans and Merchant, and the following year a little schoolhouse was built by contract by a Mr. Haywroth, at a contract price of $385, which was more than the actual cost or reasonable market value of said schoolhouse at the time of its construction or at the time of the issuance of said warrants or since; that the issuance of the warrant sued on to J. P. Evans, who was then superintendent of public instruction of said county, was contrary to public policy, and therefore rendered the same void; that the amounts of the warrants and each of them were in excess of the assessed equalized property of said school district at the time of the issuance and ever since.

Section 2408, Wilson's Rev. & Ann. St. (section 2528, Comp. Laws 1909), provides:

"That it shall be unlawful for any public officer or deputy or employee of said officer to either directly or indirectly, buy, barter for, or otherwise engage in any manner in the purchase of any bonds, warrants or any other evidence of indebtedness against this state, any subdivision thereof, or municipality therein, of which he is an officer."

Section 813, Wilson's Rev. & Ann. St. (section 1123, Comp. Laws 1909), provides:

"That is not lawful which is: (1) Contrary to an express provision of law: (2) contrary to the policy of express law, though not expressly prohibited; or (3) otherwise contrary to good morals."

J. P. Evans, as county superintendent at the time of the issuance of these two warrants to himself to build a schoolhouse, was an advisory public officer of school district No. 56, under

section 5751, St. Okla. 1893, which prescribes among his duties that he shall "note the character and condition of the schoolhouse, furniture, apparatus and grounds, and make a report in writing to the district board, making such suggestions as in his opinion shall improve the same." A contract by such county superintendent with the officials of said school district is against public policy and void. The court made a general finding of fact in favor of the defendant (school district). See *Ray v. School District,* 21 Okla. 88, 95 Pac. 480; *School District No. 80 v. Brown et al.,* 2 Kan. App. 309, 43 Pac. 102; *Kellogg v. School District,* 13 Okla. 285, 74 Pac. 110; section 6154, Wilson's Rev. & Ann. St. 1903; section 8056, Comp. Laws 1909.

It is settled by numerous decisions of this court that where testimony was oral and conflicting, and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact. *Deming Investment Co. v. Love,* 31 Okla. 146, 120 Pac. 635; *Bohart v. Matthews,* 29 Okla. 315, 116 Pac. 944; *Bretch Bros. v. Winston & Sons,* 28 Okla. 625, 115 Pac. 795; *Alcorn et al. v. Dennis,* 25 Okla. 135, 105 Pac. 1012; *McCann v. McCann et al.,* 24 Okla. 264, 103 Pac. 694; *Robinson & Co. v. Roberts,* 20 Okla. 787, 95 Pac. 246.

It follows that the judgment of the lower court will be affirmed.

All the Justices concur.