## J. I. CASE THRESHING MACH. CO. v. LYONS & CO.

No. 3029.    Opinion Filed December 16, 1913.

Rehearing Denied February 3, 1914.

(138 Pac. 167.)

1. **APPEAL AND ERROR — Trial — Findings — Conclusiveness.** A jury case having been tried to a court, without a jury, a general finding by the court in favor of one of the parties will, upon review here, be given the same weight as the verdict of a jury.
    (a) Where the evidence was partly in parol and partly in writing and conflicting, and the finding of the court is general, such finding is a finding of every special thing essential to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact.

2. **PRINCIPAL AND AGENT—Acts of Agent—Binding Effect on Principal.** One who voluntarily accepts the profits of an act done by one assuming, although without authority, to be his agent ratifies his act, and takes it as his own, with all its burdens, as well as its benefits.,

(Syllabus by the Court.)

*Error from District Court, Harper County;*
*R. H. Loofbourrow, Judge.*

Action by Lyons & Co. against the J. I. Case. Threshing Machine Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Charles Swindall,* for plaintiff in error.

*E. J. Dick,* for defendant in error.

WILLIAMS, J. This proceeding in error is to review the action of the trial court wherein a judgment was rendered in favor of the defendant in error, without the intervention of a jury.

This court has time and again held:

"A case having been tried to the court, without a jury, a general finding by said court in favor of one of the parties will be given, upon appeal, the same weight as the verdict of a jury, and where the evidence was partly oral and partly in writing and conflicting, and the finding of the court is general, such finding is a finding of every special thing to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact." (*Farmers' & Merchants' Nat. Bank v. School District No. 56, Kiowa County,* 35 Okla. 506, 130 Pac. 549, and authorities therein cited; *Roberts v. Mosier et al.,* 35 Okla. 691, 132 Pac. 678.)

But it is insisted that there is a total lack of evidence in the record to show that O. A. Brewer was the agent of the plaintiff in error. Under the theory of the defendants in error, the evidence tends to show that C. P. Lyons owed the plaintiff in error as balance on certain machinery the sum of $1,030, and that he also owed L. E. Lincoln for repairs on said machinery the sum of $125, and that O. A. Brewer, as its agent, took charge of said machinery, agreeing to pay the said $125 to the said Lincoln, and sold said machinery to John C. Dabro, H. J. Burris, C. H. Root, A. E. Lyons, C. Munson, A. B. Anderson, J. W. Crider, and C. P. Lyons for the sum of $1,155, said amount aggregating the balance due on its purchase price by the said C. P. Lyons, and the amount for repairs due to said Lincoln, and that the said parties, together with the said C. P. Lyons, executed a

note in favor of the said C. P. Lyons in that amount, securing the same with a chattel mortgage on said machinery, and that said note was indorsed over to the plaintiff in error by the said C. P. Lyons, with the understanding that the original indebtedness of C. P. Lyons to plaintiff in error was thereby wiped out. By said transaction the said John C. Dabro, H. J. Burris, C. H. Root, A. E. Lyons, C. Munson, A. B. Anderson, and J. W. Crider, in addition to the original debtor, C. P. Lyons, became bound for the said $1,155, viz., the balance due on the original purchase price, and also the amount claimed by Lincoln for repairs. The plaintiff in error accepted this note; in other words, accepted the result of the acts of the said O. A. Brewer.

One who voluntarily accepts the proceeds of an act done by one assuming, though without authority, to be his agent ratifies the act, and takes it as his own, with all its burdens, as well as all its benefits. *U. S. F. & G. Co. v. Shirk et al.,* 20 Okla. 576, 95 Pac. 218; *Jack v. National Bank of Wichita,* 17 Okla. 430, 89 Pac. 219; *Fant v. Campbell et al.,* 8 Okla. 586, 58 Pac. 741.

It is contended by the plaintiff in error that it never had any notice or knowledge of the fact that said O. A. Brewer had agreed to pay the repair bill to said L. E. Lincoln, and therefore the rule of estoppel does not apply to it. But, after this contention was made in the pleadings, the plaintiff in error sought to procure judgment against all of the defendants in error on said note procured by the said O. A. Brewer. When such knowledge came to it, if, in fact, he was not its agent, it then became its duty to elect as to whether it would repudiate his said acts, and, if so, to rescind, and place the defendants in error *in statu quo.* No such offer was made.

The other contentions as to error on the part of plaintiff in error seem to be without merit.

The judgment of the trial court must be affirmed.

All the Justices concur, except LOOFBOURROW, J., disqualified and not participating.