## D. J. FAOUR & BROS. v. MORAN *et al.*

No. 2987.    Opinion Filed January 13, 1914.

Rehearing Denied April 7, 1914.

(139 Pac. 833.)

APPEAL AND ERROR—Trial—Findings—Conclusiveness.   A jury case having been tried to the court without a jury, a general finding by the court in favor of one of the parties will, upon review here, be given the same weight as the verdict of a jury.

(a)   Where the evidence was partly in parol and partly in writing, and conflicting, and the finding of the court is general, such finding is a finding of every special thing essential to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact.

(Syllabus by the Court.)

*Error from Superior Court, Garfield County;*
*Dan Huett, Judge.*

Action by Eid Moran and another against D. J. Faour & Bros. Judgment for plaintiffs, and defendants bring error. Affirmed.

*W. J. Otjen,* for plaintiffs in error.

*McKeever & Walker* and *Zinser & Helsell,* for defendants in error.

WILLIAMS, J.   The defendants in error, Eid Moran and N. Moran, as plaintiffs, sued the plaintiffs in error, as defend-

ants, to recover the sum of $1,510 as damages, to wit, $1,010 as actual, and $500 as punitive. A trial was had without a jury, and a general finding made in favor of the plaintiffs in the sum of $938.40; said finding being for actual damages, and nothing allowed for punitive damages. This proceeding in error is to review said action of the trial court.

This court has repeatedly held that a general finding in favor of one of the parties will, upon review here, be given the same weight as the verdict of a jury.

Where the evidence was partly in parol and partly in writing, and conflicting, and the finding of the court is general, such finding is a finding of every special thing essential to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact. *J. I. Case Threshing Mach. Co. v. Lyons & Co., ante,* p. 356, 138 Pac. 167, and authorities therein cited.

The questions presented for the consideration of this court by the brief of the plaintiff in error are concluded by this principle of law.

It follows that the judgment of the lower court must be affirmed.

All the Justices concur.