# BAILEY, Sheriff, v. WILLIAMSON-HALSELL-FRAZIER CO.

No. 3700. Opinion Filed November 10, 1914.

Rehearing Denied January 12, 1915.

(145 Pac. 412.)

1.  **APPEAL AND ERROR—Finding—Conclusiveness.** Where a cause is tried to the court without the intervention of a jury, a general finding of the court is, upon appeal, to be given the same weight and effect as the verdict of a jury.

2.  **TAXATION — Collection — Injunction — Burden of Proof.** Under section 7553, Comp. Laws 1909 (Rev. Laws 1910, sec. 7313), the burden of proof is upon the person claiming the lien to show that the Altus Wholesale Grocery Company sold all of its personal property to the Williamson-Halsell-Frazier Company after its personal property was assessed, before the taxes thereon were paid, and did not retain sufficient property to pay such taxes.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Jackson County;*

*Frank Mathews, Judge.*

Action by the Williamson-Halsell-Frazier Company, a corporation, against John D. Bailey, sheriff of Jackson county, Okla. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. M. Williams* and *M. L. Hankins,* for plaintiff in error.

*Everett Petry,* for defendant in error.

Opinion by RITTENHOUSE, C. This action was brought to enjoin J. D. Bailey, sheriff of Jackson county, Okla., from levying a tax warrant for $710.32 upon the property of the Williamson-Halsell-Frazier Company, which property had been assessed for taxation for the year 1911 as the property of the Altus Wholesale Grocery Company, such assessment being made prior to the sale thereof. The defendant, as sheriff of said county, filed answer, admitting the acts complained of by the plaintiff, but sought to justify his levy upon the theory that the tax in question had been assessed against the Altus Wholesale Grocery Company, and that the property sought to be seized was liable for the payment of such taxes under section 7553, Comp. Laws 1909 (Rev. Laws 1910, sec. 7313), which provides:

"If any person in this state, after his personal property is assessed and before the tax thereon is paid, shall sell all of the same to any one person, and not retain sufficient to pay the taxes thereon, the tax for that year shall be a lien thereon, or if such property is about to be sold at auction, or about to be sold at cost, then in either of such events the tax thereon shall at once become due and payable, and the county treasurer shall at once issue a tax warrant for the collection thereof, and the sheriff shall forthwith collect it as in other cases. The one owing such tax shall be civilly liable to any purchaser of such property for any tax he owes thereon, but the property so purchased shall be liable in the hands of the purchaser for such tax: Provided, however, if the property be sold in the ordinary course of retail trade, it shall not be so liable in the hands of the purchaser."

At the time of the trial the plaintiff proved that it was the owner and in possession of the property in controversy, that the

tax warrant was issued against the Altus Wholesale Grocery Company, and that the defendant was threatening to and would levy such warrant against such property, unless restrained by order of the court. This established a *prima facie* case on behalf of the plaintiff; in addition thereto the plaintiff proved by E. F. Nesbit, who was formerly manager of the Altus Wholesale Grocery Company, that such company sold to the Williamson-Halsell-Frazier Company property of the value of $13,676.13; that the assets of said company retained at the time of the sale amounted to $14,835.40, which consisted of notes and accounts aggregating $13,447.02, merchandise, $338.38, and real estate, $1,000. On cross-examination it was brought out that at the time of the trial the notes and accounts which remained undisposed of were of questionable value, but might have been collected had they been pressed at an earlier date. On this theory, the plaintiff in error insists that, the notes and accounts being of questionable value, this court should hold that the Altus Wholesale Grocery Company did not retain sufficient property to pay the taxes on its entire stock. The court below found in favor of the plaintiff.

It has been held repeatedly in this state that where a cause is tried to the court without the intervention of a jury, a general finding of the court is, upon appeal, to be given the same weight and effect as the verdict of a jury. *Miller v. Severs,* 42 Okla. 378, 141 Pac. 965; *Roberts v. Markham,* 26 Okla. 387, 109 Pac. 127; *McCann v. McCann,* 24 Okla. 264, 103 Pac. 694; *Lookabaugh v. Bowmaker,* 21 Okla. 489, 96 Pac. 651; *J. I. Case Thresh ing Machine Co. v. Oates,* 27 Okla. 412, 112 Pac. 980.

Independent of whether we are bound by the finding of the court, the burden of proof was upon the defendant to show that the Altus Wholesale Grocery Company sold all of its personal property to the Williamson-Halsell-Frazier Company, after its personal property had been assessed, before the taxes thereon were paid, and did not retain sufficient property to pay such taxes. This the defendant failed to show, therefore, not bringing his

case within section 7553 (7313), *supra*. It is true that the plaintiff offered evidence which tends to show that the Altus Wholesale Grocery Company had complied with said section, and in doing so the defendant, on cross-examination, brought out the fact that the property retained by the Altus Wholesale Grocery Company was, at the time of trial, of questionable value, but this did not establish the fact that the Altus Wholesale Grocery Company did not retain sufficient property with which to pay the taxes assessed against its stock. The notes and accounts aggregated $13,447.02, and while they may have been of questionable value, yet in the absence of evidence to show their actual value, we would not be justified in holding that they were not of sufficient value to discharge the tax. The court was justified, under the evidence in this case, in holding that the defendant had failed to prove that the Altus Wholesale Grocery Company had not retained sufficient property with which to pay the taxes against its stock. The injunction was properly granted.

The cause should therefore be affirmed.

By the Court: It is so ordered.