## ANDERSON *et al.* v. ROSE.

No. 5265. Opinion Filed October 5, 1915.

(152 Pac. 102.)

**APPEAL AND ERROR—Findings—Evidence.** Where the evidence reasonably supports the findings of the trial court, they will not be disturbed on appeal.

(Syllabus by Dudley, C.)

*Error from District Court, Kiowa County;*
*James R. Tolbert, Judge.*

Action by Mattie L. Rose against George P. Anderson and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Hays & Hughes,* for plaintiffs in error.

*Morse & Standeven,* for defendant in error.

Opinion by DUDLEY, C. In April, 1912, the defendant in error commenced this action in the district court of Kiowa county against the plaintiffs in error to recover

the amount due upon a promissory note of $275, dated October 20, 1905, and signed by the plaintiffs in error George P. Anderson and wife, payable to the order of the defendant in error December 12, 1908, bearing interest at ten per cent. from maturity, and to foreclose a mortgage of even date therewith securing said note covering 80 acres of land located in the said county. The parties will be referred to as they were in the trial court.

The defendant Brunker answered, claiming ownership of the mortgaged premises and pleading payment of the said note by his codefendants, Anderson and wife. Defendants Anderson and wife answered, admitting the execution and delivery of the note and mortgage, but claiming that said note was not due until October 16, 1911, and pleading tender of the full amount thereof prior to the institution of this action. Issues were joined and the case tried to the court without a jury, resulting in a judgment in favor of the plaintiff for the amount due on said note, establishing the same as a lien on said premises, and ordering the same sold in satisfaction thereof. From this judgment, the defendants have appealed.

The mortgage securing the note sued on contains the following:

"This mortgage is to become of no force and effect, in case the mortgage for $800 to the Union Central Life Insurance Company against the premises herein described is not paid off and satisfied without cost to the party of the second part herein, otherwise to be and remain a lien against the premises above described, said $800 to Union Central Life Insurance Company to be paid off and satisfied as above mentioned on or before its maturity."

The mortgage referred to in the foregoing stipulation was paid off and satisfied by the plaintiff on October

6, 1911, before its maturity. As to this there is no controversy. The sole controversy in the trial court, as well as here, is as to the maturity of the note sued on. The plaintiff contends that it matured December 12, 1908, according to its face, but the defendants insist that it matured October 16, 1911, when the $800 mortgage was paid off. We cannot say, as a matter of law, that the note did mature on October 16, 1911, but from the face of the note sued on it matured December 12, 1908. The defendants introduced evidence tending to show that it was the intention of the parties that the note sued on should not mature until the $800 was paid off. The trial court was liberal in the introduction of evidence upon this point, but found the issue in favor of the plaintiff; that is to say, that the note matured December 12, 1908. The finding of the court on this controverted question, being reasonably supported by the evidence, is binding. *Faour & Bros. v. Moran et al.*, 40 Okla. 597, 139 Pac. 833; *J. I. Case T. M. Co. v. Lyons & Co.*, 40 Okla. 356, 138 Pac. 167; *Semple v. Baken*, 39 Okla. 563, 135 Pac. 1141; *Thigpen v. Risby*, 39 Okla. 598, 136 Pac. 418; *Bailey v. Williamson-Halsell-Frasier Co.*, 44 Okla. 586, 145 Pac. 412. The trial court made a general finding in favor of the plaintiff. This includes a finding of all facts necessary to uphold the judgment. *Oland et al. v. Malson et al.*, 39 Okla. 456, 135 Pac. 1055.

The judgment should therefore be affirmed.

By the Court: It is so ordered.