## McKENNA et al. v. J. S. TERRY CONST. CO.

No. 6919.    Opinion Filed March 7, 1916.

(155 Pac. 1158.)

1. **EVIDENCE—Parol.** Where a contract is verbal and certain written instruments are thereafter executed in the performance thereof, oral evidence as to the terms of the original agreement is admissible in an action where its terms are called in question.

2. **APPEAL AND ERROR—Finding—Evidence—Trial Without Jury.** In a case tried to the court without a jury, upon controverted questions of fact, a general finding by the trial court, there being competent evidence reasonably tending to support such finding, will not be disturbed by this court.

(Syllabus by the Court.)

*Error from District Court, Le Flore County;*
*W. H. Brown, Judge.*

Action by the J. S. Terry Construction Company against H. S. McKenna and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*R. P. White,* and *T. H. Du Bois,* for plaintiffs in error.

*T. T. Varner,* for defendant in error.

HARDY, J. Defendant in error, plaintiff below, brought suit in the district court of Le Flore county against plaintiffs in error, defendants below, on open account. Defendants answered, admitting the indebtedness, but pleaded in satisfaction thereof an agreement to offset against said account an indebtedness due from J. S. Terry, an officer of plaintiff, to the estate of Edmund McKenna, deceased, father of one of defendants. Plaintiff filed reply, denying the allegations in defendants'

answer, and setting up an agreement between the executrix of said estate and the creditors thereof, whereby all of the property of said estate, including the account due said estate by Terry, was to be turned over to a trustee for the benefit of said creditors. Trial was had to the court without jury, resulting in judgment for plaintiff, and defendants bring error.

At the trial plaintiff offered testimony in support of its allegations in reference to the agreement between the executrix and the creditors, and error is predicated upon the action of the court in the admission of such testimony, it being contended by defendants that said agreement was reduced to writing in its entirety as embodied in the notes executed to creditors of the estate and the deed of trust executed to a trustee by the executrix, while plaintiff says that the notes and deed of trust were only a part of the agreement, and had reference to the real property of said estate, while that portion with reference to the personal property and accounts due the estate was oral.

Upon the issue thus presented the court admitted the testimony complained of. In this there was no error.

In 2 Elliott on Contracts, sec. 1633, p. 946, it is said:

"The question usually is as to whether the parol evidence sought to be introduced contradicts or alters the written contract, or leaves it to stand unchanged and simply tends to establish an additional collateral agreement."

In *Chapin v. Dobson*, 78 N. Y. 74, 34 Am. Rep. 512, the first paragraph of the syllabus is as follows:

"The rule prohibiting the reception of parol evidence, varying or modifying a written agreement, does not apply where the original contract was verbal and entire, and

a part only was reduced to writing; nor does it apply to a collateral undertaking; these facts are always open to inquiry and may be proved by parol." *Juillard v. Chaffee,* 92 N. Y. 535; *Singer Mfg. Co. v. Forsyth,* 108 Ind. 338, 9 N. E. 372; *Graffam v. Pierce,* 143 Mass. 388, 9 N. E. 819; *Naumberg v. Young,* 44 N. J. Law, 344, 43 Am. Rep. 380; *Thompson v. Wheeler & Wilson Mfg. Co.,* 29 Kan. 487.

The evidence complained of having been properly admitted, and the case having been tried to the court without a jury, upon controverted questions of fact, and the court having made a general finding in favor of plaintiff, there being competent evidence reasonably tending to support the decree of the court, that decree will not be disturbed in this court on the weight of the evidence, but will be given the same weight and effect as the verdict of a jury. *Facour & Bros. v. Moran,* 40 Okla. 597, 139 Pac. 833; *Hall v. Bruner,* 36 Okla. 474, 127 Pac. 255; *Bailey v. Williamson-Halsell-Frazier Co.,* 44 Okla. 586, 145 Pac. 412.

The judgment is affirmed.

All the Justices concur.