## FALLS CITY CLOTHING CO. v. SWEAZEA.

No. 7721—Opinion Filed Oct. 24, 1916.

(160 Pac. 728.)

**1. Appeal and Error—Review—Questions of Fact—Findings by Court.**

Where a jury is waived and a cause is tried to the court, a general finding of the court is given the same weight and effect as the verdict of a jury.

**2. Same.**

Where, in such cases, there is a conflict in the evidence on the issues joined, determination of the question of fact therein is for the court; and this court, on review, will not weigh the evidence, or determine as to the creditability of witnesses.

**3. Same.**

And where there is any evidence reasonably tending to sustain the judgment, it will not be disturbed on appeal.

(Syllabus by Bleakmore, C.)

Error from District Court, Canadian County; Geo. W. Clark, Judge.

Action by the Falls City Clothing Company against Ira Sweazea. Judgment for defendant, and plaintiff brings error. Affirmed.

W. M. Wallace, for plaintiff in error.

James I. Phelps, for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Canadian county by Falls City Clothing Company, as plaintiff, against Ira Sweazea and S. P. Moody, as defendants, to recover a balance due on an account for clothing alleged to have been sold to them as partners. Sweazea alone was served with process and answered. A jury was waived, and there was trial to the court resulting in a general finding and judgment for the defendants, from which plaintiff has appealed.

The gist of the grounds for reversal urged by plaintiffs in its brief is that there was no evidence tending to support the judgment.

It appears from the evidence that Sweazea and Moody had been partners in the mercantile business at Portales, N. M.; that Sweazea had sold his interest in the partnership to one Reagan, and the business was thereafter conducted under the firm name of Reagan & Moody. The testimony of the witness on behalf of plaintiff strongly tends to establish the fact that the goods in question were ordered by Moody in October, 1911, and delivered to the firm of Sweazea & Moody in January and February, 1912, prior to the dissolution of that partnership.

The wife of Reagan, who succeeded Sweazea in the business, testified that the dissolution of such partnership occurred on February 15, 1912. Defendant's evidence is that the firm was dissolved in October, 1911, before the clothing was ordered; that Moody had no authority to order the same on the partnership account, of which fact the plaintiff and its salesman who obtained such order had been notified by defendant. This is denied by plaintiff's witnesses.

It will be observed that the evidence was in this respect conflicting on the material issues of fact, and there was some evidence reasonably tending to sustain the finding and judgment of the court. In such a case, the general finding of the court, on appeal, is entitled to the same weight and effect as the verdict of a jury. J. I. Case Threshing Mach. Co. v. Lyons & Co., 40 Okla. 356, 138 Pac. 167.

The rule is well established that, where evidence is conflicting, this court will not examine the same to determine where the weight lies; but, if there is any evidence reasonably tending to support the finding or verdict, it will not be disturbed on appeal. Sands v. Bradley & Co., 36 Okla. 649, 129 Pac. 732, 45 L. R. A. (N. S.) 396; Tulsa R. Co. v. Jacobson, 40 Okla. 118, 136 Pac. 410.

"Where there is a conflict in the evidence on the issues joined, the determination of the question of facts thereon is solely for the jury.

"(a) This court on review, where there is a conflict in the evidence on an issue in the trial court, will not weigh the evidence or determine as to the creditability of the witnesses; that, under the law in this jurisdiction, being solely within the province of the jury." C., R. I. & P. R. Co. v. Brazzell, 40 Okla. 460, 138 Pac. 794.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.