**SCHAFER et al. v. LEE.**

No. 4184—Opinion Filed May 1, 1917.

Second Petition for Rehearing Denied June 19, 1917.

(166 Pac. 94.)

(Syllabus by the Court.)

1. **Appeal and Error—Review—Findings of Court.**

Where a case is tried to the court without a jury, the findings of the court upon disputed questions of fact will be given the same weight and effect as the verdict of a jury, and, where reasonably supported by the evidence, will not be disturbed in the Supreme Court.

2. **Appeal and Error—Continuance—Discretion of Court.**

An application for continuance is addressed to the sound discretion of the trial court, and, in the absence of an abuse of such discretion, its ruling therein will not be reversed.

3. **Contracts—Building Contract—Construction.**

S. & P. entered into a written contract with L. to erect a certain building according to definite plans and specifications for $50,000, not including telephone system, elevators, nor architect's fees, for which L. was to receive as compensation 10 per cent. of the actual cost of construction. During the progress of the work certain extras, changes, and additions were made under the direction of S. & P. not called for by the plans and specifications, and elevators and a telephone system were installed, which materially increased the cost of the building. Held, that L. was entitled to 10 per cent. of the actual cost of the building, including such extras, changes, and additions.

Error from District Court, Canadian County; George W. Clark, Judge.

Action between Henry Schafer and another and L. F. Lee. There was a judgment for the latter, and the former bring error. Affirmed.

R. B. Forrest, for plaintiffs in error.

Burwell, Crockett & Johnson, for defendant in error.

HARDY. J. Plaintiffs in error, who will be referred to as plaintiffs, sued defendant in error, who will be hereinafter styled defendant, to recover damages by reason of breach of a builder's contract. It appears that the parties entered into a written contract by the terms of which defendant agreed to erect a certain addition to the Southern Hotel located in the city of El Reno, owned and controlled by plaintiffs, according to certain plans and specifications referred to in the contract, for

the sum of $50,000, for which he was to receive 10 per cent. of the total cost of the construction of such addition. The price agreed upon was not to include freight and passenger elevators nor telephone systems throughout said building nor architect's fees, but was to include the compensation of defendant. The building in fact cost, according to the findings of the court, $76,568.05, and it was contended by plaintiffs that they were entitled to recover against defendant the difference between the actual cost of the building and the price fixed in the contract, while defendant's contention was that the plans and specifications had been changed and in fact abandoned, and new ones substituted by plaintiffs, and that the additional cost was occasioned thereby, and that he was entitled under the terms of his contract to recover 10 per cent. of the entire cost thereof as compensation for his services.

At the trial plaintiffs offered in evidence certain exhibits prepared by the witness Guilfoil, taken from plaintiffs' books, which purported to show the cost of the building. The witness did not keep the books from which the statement was taken, nor were the books shown by competent evidence to be correct. This evidence was excluded and error is assigned thereon. The parties at the trial entered into a stipulation as follows:

"It is hereby stipulated and agreed by and between the parties to this action, for the purposes of this trial only, that the entire cost of the building and improvements made, and additions, changes, and extras, cost $74,000, which sum of $74,000 does not include the architect's fees, but is intended to include every other expense of every kind and character. * * *"

Plaintiffs had alleged the cost of the building to be $74,000, and were seeking to prove that allegation of their petition, and when the parties by stipulation agreed that such was the actual cost of the building, the evidence became immaterial.

It is urged that under the findings of the court plaintiffs were entitled to judgment. By the written contract the agreed price of the building, according to certain plans and specifications, was to be $50,000, which sum should include defendant's' compensation. The contract provided that defendant should receive 10 per cent. of the actual cost of construction. The parties admitted making the contract, and agreed that the building cost $74,000, and that the improvements to be made by defendant under the plans and specifications referred to in the contract, including defendant's commission, had they been made in accordance therewith, would have cost $50,000. They also agreed that cer-

tain additions, changes, and extras which were made, in excess of the original contract, amounted to the sum of $9,644.40, and the court found from the evidence that the cost of all other improvements not included in the original contract and required by the original plans and specifications and in addition to the extras agreed to by the parties, and not including architect's fees or defendant's commission, amounted to $16,923.65, thus making the total cost of the building in fact $76,568.05, but, inasmuch as the parties had stipulated that the total cost thereof was $74,000, this sum was taken by the court as a basis upon which to calculate the commissions to which defendant was entitled. As we understand plaintiffs' position, it is this: That under the contract defendant's commission depended entirely upon the completion of the building at a cost of less than $50,000.

If the premise be conceded, the conclusion which counsel draw therefrom logically follows, but this argument overlooks the fact that the building was not in fact constructed according to the original plans and specifications, but according to changed plans and specifications with certain extras and additions thereto which greatly enhanced the cost of construction; and therefore, if plaintiffs' premise be conceded, it means that defendant is entitled to no commission at all, for the contingency upon which the right thereto would depend did not occur, and never could happen, though plaintiffs would be in possession of the building and enjoying the fruits of defendant's labor without any remuneration therefor. The changes, extras, and additions, amounting in all to $26,000, as shown by the evidence, which is more than 50 per cent. of the original contract price, were made at the direction of plaintiffs, and these additions, alterations, and extras constituted a radical departure from the original contract in so far as it required the improvement to be constructed according to the original plans and specifications and for a certain maximum price, so as to constitute an abandonment of the contract in those particulars and to substitute in lieu thereof the subsequent arrangement between the parties whereby such changes, alterations, and extras were made. Under the original contract it was provided that defendant's commission should be 10 per cent. of the total cost of construction, and this provision was dependent upon that other provision which limited the total cost thereof to $50,000, but, inasmuch as that provision requiring the construction of the improvements according to the original plans and specifications at the maximum price fixed in the contract, was abandoned by the parties, the defendant's

right to compensation would be governed by the provision in the contract fixing same at 10 per cent. of the total cost of construction, unless the entire contract was abandoned by the parties. The provisions of a builder's contract are not usually considered as dependent upon each other unless that intention appears therein (4 Elliott, Cont. sec. 3669), and, the provision as to the maximum cost being waived by the parties, this did not necessarily constitute an abandonment of the whole contract, for it is a familiar practice to those engaged in building that alterations and additions are frequently permitted by the written agreement, and often are agreed upon in the absence of express provision therefor, and it is generally held that such alterations and extras do not affect the other terms of the contract (Lloyd's Law of Bldg & Bldg. Conts. secs. 31-53; 2 Parsons Conts. [9th Ed.] 64; 4 Elliott, Cont. sec. 3676; Gray v. Jones et al., 47 Or. 40, 81 Pac. 813; Moores Lime Co. v. Nat. Chem. Co. et al., 30 Ohio Cir. Ct. 539; Goldsmith v. Hand, 26 Ohio St. 101; McKinney v. Springer, 3 Ind. 59, 54 Am. Dec. 470; Wright v. Wright, 1 Litt. [11 Ky.] 179; Hood v. Smiley, 5 Wyo. 70, 36 Pac. 856; Pepper v. Burland, Peake, 139; McCormick v. Connoly, 2 Bay [S. C.] 401; Palmer v. Stockwell, 9 Gray [Mass.] 237; Andre v. Bodman, 13 Md. 241, 71 Am. Dec. 628; 1 Holt's Rep. 236; Ranger v. Great W. Ry., 5 H. L. 71).

In the present case all of the parties hereto have still considered the original contract as binding between them, which is evidenced by the fact that plaintiffs predicate their action thereon and seek to recover from defendant the cost of such improvements in excess of the maximum price fixed in said contract, while defendant in his cross-petition bases his right of recovery upon the provisions therein fixing his compensation at 10 per cent. of the actual cost of construction. In addition thereto the building was constructed according to the original plans, except as modified by the changed plans and specifications, and by the extras and additions thereto. Under the contract defendant supervised the work of purchasing materials to be used in the construction of the building, and personally supervised the erection thereof, while plaintiffs paid for the materials so purchased according to its terms. So we conclude that the original contract was modified to the extent of waiving the requirement that the improvements should be erected according to the original plans and specifications and for the maximum cost of $50,000, and that in all other particulars the same was still valid and binding upon and between the parties thereto. Entertain-

ing this view, it follows that defendant was entitled to 10 per cent. commissions on the actual cost of construction, which by the agreement of the parties was $74,000. The trial court, however, under a mistaken construction of the stipulation entered into at the trial, in estimating the commissions to which defendant was entitled, arbitrarily valued the cost of the additions, according to the original plans and specifications, which were not in fact constructed in accordance therewith, at $45,454.45, upon which sum he allowed defendant 10 per cent. thereof as commissions, and also allowed him 10 per cent. upon the agreed cost in excess of $50,-000, making total commissions allowed of $6,945.45. The elevators, telephone system, and other changes which were agreed to at the trial amounted to $9,644.40, and upon this sum defendant was entitled to a commission of 10 per cent., or $964.44. The court having found that other changes, additions, and extras which increased the cost of the building in the sum of $16,923.65 were made upon the direction of plaintiffs, the defendant would be entitled to 10 per cent. commission on that sum, which would be $1,692.36. Counsel having stipulated that the cost of the building was $74,000, the defendant would be entitled to 10 per cent. thereon, but, inasmuch as no error is assigned by defendant upon the action of the court in allowing him a recovery for a less amount, that question is not presented for review. In addition the court found that the defendant was entitled to recover the sum of $1,453.63, making a total sum found due defendant of $8,401.08, with interest thereon at 6 per cent. per annum from November 7, 1910, which calculation gives the sum in which judgment was rendered by the court.

It is further said that the findings of the court are not sustained by sufficient evidence, and in this connection counsel refer to certain evidence which was offered by defendant and excluded on objection of plaintiffs, consisting of certain exhibits identified by plaintiffs, but not offered, and which were thereafter offered by counsel for defendant. There can be no question about the correctness of the court's findings upon the facts which were admitted. As to the item of $16,-923.65, which the court found was the amount of changes made from the original plans and specifications under the direction of plaintiffs, five witnesses testified for defendant to these changes, while three testified for plaintiffs, and the finding is not only not contrary to the evidence, but is supported by the weight of the evidence. To say the most for plaintiffs' position, the evidence was conflicting, and under the repeated rulings of this court,

where the case is tried to the court without a jury, the findings of the court upon disputed questions of fact will be given the same weight and effect as a verdict by jury, and, where reasonably supported by the evidence, they will not be disturbed in this court. Dunn v. Carrier, 40 Okla. 214, 135 Pac. 337; Case Threshing Machine Co. v. Lyons, 40 Okla. 356, 138 Pac. 167; Bailey v. Williamson-Halsell-Frazier Co., 44 Okla. 586, 145 Pac. 412; Edgar Grain Co. v. Krolp, 48 Okla. 92, 149 Pac. 1096; Akin v. Bonfils, 47 Okla. 492, 150 Pac. 194.

There was no error in overruling plaintiffs' motion for a continuance. The motion was based upon the ground that defendant was permitted to amend his answer and cross-petition in material particulars by interlineation. No objection was made at the time of the amendment of the cross-petition; counsel expressly stating that they objected only to the amendment made in the answer. The answer alleged that:

"Defendant completed said building according to plans and specifications as changed and as amended by the architect under the direction and order of the plaintiffs. * * *"

Amendment was made by interlining the word "and" after architect and before "under the order and direction of plaintiffs." A similar amendment to the same effect was made in another portion of the answer. It is said that the amendments changed the issues and took plaintiffs by surprise. At the beginning of the trial counsel for defendant in his opening statement to the jury specifically stated that said changes were made as alleged, by the architect and under the direction and order of the plaintiffs, and asked and obtained leave of the court at that time to amend. The amendments clearly did not change the issues; for the answer specifically alleged:

That defendant "was in all matters and things keeping and performing said contract on his part, but that during the erection of said building the said plaintiffs caused the plans and specifications thereof to be changed, and the cost thereof increased, and said plaintiffs requested and directed this defendant to erect said building according to the plans and specifications as changed by the architects and pursuant to the request of said plaintiffs."

The matter just quoted immediately preceded the paragraph above set out in which the amendment was made and formed a part of the same sentence.

In support of the motion, affidavit was filed that it would be necessary for plaintiffs to examine the plans and specifications which were alleged to be in possession of counsel for defendant and the court stenographer. Evidence was heard upon this point by the court, and it was shown that said plans and specifications had been in possession of plaintiff Schafer and in the possession of his coplaintiff, Paulson, for months, and were in their possession throughout the trial. The application was addressed to the sound discretion of the trial court, and this court has frequently held that the granting for refusing of a continuance will not be reviewed unless it appears that an abuse of discretion has been committed. Kelley et al. v. Wood, 32 Okla. 104, 120 Pac. 1110; Walton v. Kennamer, 39 Okla. 629, 136 Pac. 584.

The record shows that plaintiffs had a fair trial, and that the judgment of the court is in accordance with the evidence, and that no prejudicial error was committed, and the judgment of the trial court is therefore affirmed.

All the Justices concur.