### BARNETT v. BARNETT et al.

No. 9719—Opinion Filed April 27, 1920.

(Syllabus by the Court.)

**Appeal and Error—Review—Trial to Court—General Finding—Weight.**

A jury case having been tried to the court without a jury, a general finding by the court in favor of one of the parties will, upon review here, be given the same weight as the verdict of a jury. (b) Where the evidence was partly in parol and partly in writing, and conflicting, and the finding of the court is general, such finding is a finding of every special thing essential to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Ellen Barnett against John Barnett and others in ejectment. Judgment

for defendants, and plaintiff brings error. Affirmed.

G. R. Horner, Dudley C. Monk, and J. H. Swan, for plaintiff in error.

Cochran & Ellison, for defendants in error.

JOHNSON, J. The plaintiff in error, Ellen Barnett, sued the defendants in error in the district court of Okmulgee county in ejectment, the land involved being the allotment of Tom Barnett, a three-fourths-blood citizen of the Creek Nation, enrolled on the Creek roll opposite No. 4502, and alleged that said allottee died intestate in March, 1909, leaving her as one of his heirs, a daughter.

The trial was had to the court, and at the conclusion thereof the court made the following findings:

"The court finds that the proof fails to establish custom marriage under the Creek law or a common-law marriage, and the prayer in the petition of plaintiff be therefore denied."

"The court further finds that the proof fails to show sufficient recognition on the part of Tom Barnett as to the plaintiff, Ellen Barnett. to be his daughter."

—upon which judgment was rendered in favor of the defendants, quieting their title and dismissing the plaintiff's suit, and adjudging the costs against the plaintiff in the sum of $160.85. This proceeding in error is to review said action of the trial court.

This court has repeatedly held that a general finding in favor of one of the parties will, upon review here, be given the same weight as the verdict of a jury. D. J. Faour & Bros. v. Moran et al., 40 Okla. 597, 139 Pac. 833; Cowles v. Lee, 35 Okla. 159, 128 Pac. 688; Allen v. Wildman, 38 Okla. 652, 134 Pac. 1102.

This court has frequently held that in cases where the evidence is conflicting and the finding of the court is general, such finding is a finding of every special thing essential to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact. D. J. Faour & Bros. v. Moran, supra; J. I. Case Threshing Mach. Co. v. Lyons & Co., 40 Okla. 356, 138 Pac. 167, and authorities therein cited.

The questions presented for the consideration of this court by the brief of the plaintiff in error are concluded by this principle of law. The judgment of the lower court is affirmed.

OWEN, C. J., and KANE, RAINEY, HARRISON, and BAILEY, JJ., concur.