## HARTLEY et al. v. RILEY.

No. 10488—Opinion Filed Feb. 21, 1922.

(Syllabus.)

1. **Bills and Notes—Consideration for Note—Payment of Doubtful Debt—Parol Evidence Affecting Writing.**

Where three parties participate in a purchase of a farm and under such circumstances as may constitute them a partnership in a land investment, and the land is purchased and part of the consideration is paid and a deed taken in the name of one of the parties, who gives a mortgage back on the land for the balance of the purchase money, and afterwards one of the three parties, and not being the one to whom the land is deeded, approaches the grantor, asking him to accept payment of what he called his part of the purchase money and asking that he be released from the mortgage and that the part of the land that he claimed be released from the mortgage, which the grantor refused to do; it being agreed, however, that the party should pay the grantor a certain sum of money, and this he did, and the grantor gave him a note covering the amount of such payment, and afterwards in a suit to foreclose the mortgage on the land by the grantor the party so making such payment and·taking said note from the grantor, in a cross-bill, sought judgment on the note and against the grantor—held, that the payment of a debt, or the voluntary payment of a questionable debt, cannot be a consideration for a note given by one so receiving said money, and the note is void for want of consideration. Held, further, that parol proof of the transaction contemporaneous with the taking of said note is competent to show the purpose of taking the same and the manner of payment or liquidation of said note, and does not contravene the rule that parol proofs cannot be taken to contradict the terms of a written contract.

2. **Appeal and Error — Questions of Fact—Findings.**

Where a case is tried to the court without a jury, the findings of the court upon disputed questions of fact will be given the same weight and effect as the verdict of a jury, and, where reasonably supported by the evidence, will not be disturbed in the Supreme Court. (Schafer v. Lee, 64 Okla. 106, 166 Pac. 94.)

Error from District Court, Okmulgee County; John W. Hayson, Judge.

Action by L. D. Riley against W. L. Hartley and others for mortgage foreclosure. Judgment for plaintiff, and defendants bring error. Affirmed.

C. D. Bennett, for plaintiffs in error.

Gasper Edwards, for defendant in error.

ELTING, J. This suit was commenced in the district court of Oklahoma county, Okla., by L. D. Riley, plaintiff below, defendant in error herein, against W. L. and R. B. Hartley and C. T. Morrison, defendants below, plaintiffs in error herein, to foreclose a mortgage on real estate given to secure an indebtedness claimed to be due L. D. Riley. The amount of the mortgage was $10,475, with interest from date.

Actual service was had upon C. T. Morrison in the state of Oklahoma. Service was had upon R. B. Hartley in the state of North Carolina, which merely amounts to constructive service, and service was had upon W. L. Hartley in the state of Missouri.

C. T. Morrison appeared and filed separate answer, denying the allegations of the petition. W. L. Hartley filed several pleas in said cause; first filing·motion to make first petition of plaintiff more definite and certain. Plaintiff filed a first and second amended petition. W. L. Hartley filed an answer denying the allegations of the petition, denying liability on the notes and mortgage, and set up a cross-bill against the plaintiff to recover on a note for $1,165, and interest and attorneys fees, against the plaintiff, L. D. Riley.

It appears from the record that the two Hartleys and Morrison were sought to be held by the plaintiff as joint purchasers of the plaintiff's farm, or as on a partnership purchase. The deed appears to have been made to R. B. Hartley, part of the consideration paid and notes and mortgage given for the balance of the purchase money, signed by R. B. Hartley and wife; mortgage taken and the land sold.

To repeat, it appears that Morrison and W. L. Hartley did not sign the notes or mortgage, but were sought to be held by the mortgagor and plaintiff, L. D. Riley, upon the theory that they were joint purchasers with R. B. Hartley of the land.

A jury was waived and the cause tried to the court. The court found the amount of the indebtedness due under the note and mortgage, rendered personal judgment

against C. T. Morrison for the debt, and decreed foreclosure of the mortgage; refused to render personal judgment against R. B. Hartley, since there was no personal service on him, and did not render judgment against W. L. Hartley, since he was only partially liable and he had paid the portion for which he was liable to the plaintiff. The court refused to give W. L. Hartley judgment on his note, and canceled the note.

To this last action of the court, W. L. Hartley excepted, filed a motion for a new trial; same was by the court overruled, and W. L. Hartley brings error to this court. W. L. Hartley, as plaintiff in error, filed a brief in support of his contentions.

The issue before this court arises in this wise: After the deal for the land was consummated, W. L. Hartley contends, he paid L. D. Riley $1,200, which he claims in his plea was in the nature of a loan, and that L. D. Riley gave him a note for the repayment of said money. That afterwards another note was taken in lieu of the first note, for $1,-166, and on this note, attached to a cross-plea, Hartley asks for judgment against L. D. Riley.

The plaintiff below, defendant in error herein, while contending in the court below for personal judgment against R. B. Hartley, which the court refused, is not asking for a modification of the judgment, but asks that the judgment of the trial court be affirmed, while R. B. Hartley contends that this court should direct judgment in his favor for the amount of the note, against L. D. Riley.

The plaintiff below, L. D. Riley, as defendant in error herein, contends that the note was without consideration, that it was a voluntary payment on the part of Hartley, recognizing his obligation to pay a certain portion of the purchase money, and that the note was only given in the nature of a receipt and without any understanding or agreement to repay Hartley, and that was the condition upon which the note was given and delivered. To this, Hartley replies, in substance, that the note, being in writing expresses an absolute obligation to pay on the part of Riley to him the sum specified in the note, and that the contention of Riley is an attempt to vary the terms of a written contract by parol proofs, and, hence, W. L. Hartley stands upon the letter of the written contract, the note.

We have reviewed the evidence of L. D. Riley, and also that of L. W. Hartley, relative to how this note came to be made and delivered to L. W. Hartley by L. D. Riley, and we find very little disagreement upon this score. Hartley admits that he came to Riley asking permission to pay what he regarded as his portion of the purchase money of the farm; that he be deeded one-sixth of the land, or, at least, that one-sixth of the land be released from the mortgage. Riley refused to do either of these. It was finally agreed that Hartley pay Riley the amount as shown by the note, which he did, and Riley executed the note and delivered it to Hartley. Riley contends that the note was not given as an evidence of a debt, or promise to repay Hartley, but was given in the nature of a receipt. Hartley, in his evidence, in stating the purpose of the transaction, did not state it to be in the nature of a debt from Riley to him, but that he was paying his portion of the purchase money. He did not testify to any further condition or duty to be performed by Riley, and a failure of which duty would necessitate the release of the debt on the part of Riley to him and an obligation to repay the money by Riley to him.

There are two circumstances in the record that we think indicate almost conclusively that Riley's theory is the correct one. The original note was for $1,200. A second note was taken in lieu of the first that was something like $50 less than the first note, and this reduction in the second note was stated by Hartley to be for interest, and that interest appears to have been on the debt that he appears to have owed. It appears, furthermore, that he took a contract from his brother in North Carolina, R. B. Hartley, and wife, whereby they agreed to convey to him a one-sixth interest in this land. Under the facts in the record we think the trial court held correctly in holding this note not to be evidence of a debt from Riley to Hartley, and that Hartley was paying what he owed, and, hence, there was no consideration for the note, and in entering judgment canceling said note.

If the payment by L. W. Hartley to L. D. Riley was in fact a debt due from Hartley to Riley, the giving of a note back to Hartley under such circumstances, such a note would be without consideration and void, and it would be a good defense to said note. The nature of the transaction, and bearing on the nature of the consideration and failure of consideration, in whole or in part, can be shown.

See, in this connection, section 876, Rev. Laws 1910, also section 4078, Rev. Laws 1910, which reads as follows:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

See, also, Duck et al. v. Antle, 5 Okla. 152, 47 Pac. 1056.

But, even admitting that the question of W. L. Hartley being indebted to L. D. Riley, under the contract of sale, might be a debatable question, yet his payment to Riley under the circumstances and inferences as to the purpose of Hartley in making the payment, as shown by this record, would be a voluntary payment, and he is bound by the same. The evidence in this record shows very strongly that Riley was to credit the mortgage debt with the amount W. L. Hartley had paid, and that the note was evidence of the amount of money he had paid and the amount that should be credited on the mortgage. The manner and method of liquidating a note may be shown by parol, and may arise from contemporaneous agreement resting entirely in parol. Mackin v. Darrow Music Co., 69 Oklahoma, 169 Pac. 497; Weeks v. Medler, 20 Kan. 57; Johnson v. McCart, 24 Wash. 19, 63 Pac, 1121; Gandy v. Weckerly, 220 Pa. 285, 69 Atl. 858, 18 L. R. A. (N. S.) 434; Durkin v. Cobleigh, (Mass.) 17 L. R. A. 270, and notes; Humphrey v. Timken Carriage Co., 12 Okla. 413, 75 Pac. 528; Continental Gin Co. v. Stocker, 235 Fed. 1005; Gamble v. Riley, 39 Okla. 361, 135 Pac. 390; section 4169, Rev. Laws 1910. See, also, a recent case by this court, Edwards v. City Nat. Bank of McAlester, 83 Okla. 204, 201 Pac. 233.

The fact that a writing is signed detailing the terms of a contract is not always proof of the contract, or that it is a binding contract. It is not a binding contract until it is delivered as a contract with the express purpose and understanding that the parties are bound by its terms. The delivery and its binding effect may be conditional, and the allowance of proofs of the conditions and purposes of the execution of the contract is not in contravention of the rule that the terms of a written contract cannot be varied by parol proof.

This principle of law is stated in the case of Colonial Jewelry Company v. Brown et al., 38 Okla. 44, 131 Pac. 1077. The law is stated in the syllabus of the case as follows:

"Evidence offered for the purpose of showing that a written instrument was delivered conditionally does not constitute contradicting or varying a written instrument by parol. Such evidence does not tend to show any modification or alteration of the written agreement, but that it never became operative, and that its obligation never commenced. A written contract must be in force to make it subject to the parol evidence rule."

The principle laid down in the cited case is the principle controlling in this case. The evidence was ample to support the judgment of the trial court. This being a cause of legal cognizance and a jury being waived and the cause submitted to the court and appeal therefrom taken, the same rule that is applied to jury verdicts is applied to the judgment of the court in such instances, and where there is competent evidence reasonably tending to support the judgment of the trial court, the judgment will not be reversed upon appeal.

See, in this connection, Schafer v. Lee, 64 Okla. 106, 166 Pac. 94, the first paragraph of the syllabus of which reads as follows:

"Where a case is tried to the court without a jury, the findings of the court upon disputed questions of fact will be given the same weight and effect as the verdict of a jury, and, where reasonably supported by the evidence, will not be disturbed in the Supreme Court."

To the same effect are Kelly v. Brown, 55 Okla. 628, 155 Pac. 590; Haizlip v. Whitfield, 56 Okla. 42, 155 Pac. 863; Gilkeson v. Callahan, 62 Okla. 45, 161 Pac. 789; Falls City Clothing Co. v. Sweazea, 61 Okla. 154, 160 Pac. 728; Akin v. Bonfils, 47 Okla. 492, 150 Pac. 194.

The judgment of the trial court is, therefore, affirmed.

HARRISON, C. J., and JOHNSON, McNEILL, and NICHOLSON, JJ., concur.