### SCHAFF, Receiver, v. McGUYRE.

No. 10743—Opinion Filed May 23, 1922.

Rehearing Denied July 25, 1922.

(Syllabus.)

1. **Trial—Demurrer to Evidence—Sufficiency of Evidence.**

When the evidence introduced by the plaintiff in the trial court is sufficient to make out a prima facie case in favor of the plaintiff and against the defendant, it is not error for the trial court to overrule a demurrer to the evidence.

2. **Appeal and Error—Findings — Conclusiveness—Waiver of Jury Trial.**

In all issues of fact joined in any court, all parties may waive the right to have the same determined by jury; in which case the finding of the judge, upon the facts, shall have the force and effect of a verdict by jury. Section 20, article 7, Constitution of Oklahoma.

3. **Railroads—Damages for Killing Animals —Sufficiency of Evidence.**

The record examined, and held, that the evidence reasonably tends to support the judgment of the trial court.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by R. L. McGuyre against Charles E. Schaff, as receiver of the properties of the Missouri, Kansas & Texas Railway Company, to recover damages for killing live Stock. Judgment for the plaintiff. Defendant appeals. Affirmed.

M. D. Green and H. L. Smith, for plaintiff in error.

Thomas P. Holt, for defendant in error.

MILLER, J. This action was commenced in the justice court before H. J. Brown, a justice of the peace of Ada township, Pontotoc county, Okla., by R. L. McGuyre, as plaintiff, against Charles E. Schaff, as receiver of the properties of the Missouri, Kansas & Texas Railway Company, as defendant, to recover the sum of $184 as damages sustained by the plaintiff because the defendant, in the operation of its railroad, had killed 23 goats belonging to the plaintiff, which were of the value of $8 per head. Judgment was rendered in favor of the plaintiff and against the defendant in the justice court, from which judgment the defendant appealed to the district court of Pontotoc county.

When the case was called for trial in the district court, a jury was waived and the cause submitted to the court on the pleadings and the evidence. When the plaintiff had introduced his evidence and rested, the defendant demurred to the plaintiff's evidence. The demurrer was overruled and defendant excepted, and then proceeded with the introduction of his evidence. At the conclusion of the evidence the district court rendered judgment in favor of the plaintiff and against the defendant in the sum of $184.

The defendant filed his motion for a new trial, which was overruled by the trial court, saved his exceptions and perfected this appeal and appears here as plaintiff in error. He assigns 12 specific assignments of error, but discusses them under two propositions:

"(1) Under the evidence the plaintiff was not entitled to recover and the trial court erred in overruling defendant's demurrer to plaintiff's evidence and in refusing to render judgment in favor of the defendant.

"(2) The court erred in overruling the defendant's motion for a new trial."

We do not agree with the contention of the plaintiff in error.

We have examined the record, and the evidence introduced by the plaintiff in the district court was sufficient to make out a prima facie case in favor of the plaintiff and against the defendant; therefore it was not error for the trial court to overrule the demurrer of the defendant.

This is a law action for the recovery of money, wherein an issue of fact is joined, and would be a proper case to submit to a jury. The parties waived a jury and submitted the case to the court. On an appeal to this court, under section 20, article 7, of the Constitution of Oklahoma, the same rule ob-

tains as though the case had been tried by a jury, and this court will not weigh the evidence. Said section reads as follows:

"In all issues of fact joined in any court, all parties may waive the right to have the same determined by jury; in which case the findings of the judge, upon the facts, shall have the force and effect of a verdict by jury."

See McDonald, Adm'r, v. Strawn, 78 Okla. 271, 190 Pac. 558; Farmers' & Merchants' National Bank v. School District, 35 Okla. 506, 130 Pac. 549; J. I. Case Threshing Machine Co. v. Lyons & Company, 40 Okla. 356, 138 Pac. 167; D. J. Faour et al. v. Moran et al., 40 Okla. 597, 139 Pac. 833; Franklin v. Wright, 42 Okla. 17, 140 Pac. 403; Elwood Oil & Gas Co. v. Gaino, 76 Okla. 287, 185 Pac. 443; Schafer v. Lee, 64 Okla. 106, 166 Pac. 94; Hartley et al. v. Riley, 85 Okla. 101, 204 Pac. 920; Hamilton Township v. Underwood, 81 Okla. 256, 198 Pac. 300; Armstrong v. Phillips, 82 Okla. 82, 198 Pac. 499.

We have examined the record, and find the evidence reasonably tends to support the judgment of the trial court; therefore the judgment of the trial court is affirmed.

HARRISON, C. J., PITCHFORD, V. C. J., and KANE, JOHNSON, McNEILL, KENNAMER, and NICHOLSON, JJ., concur.