## GAHAN v. HART.

No. 12199—Opinion Filed Nov. 20, 1923.

Rehearing Denied Feb. 19, 1924.

**Appeal and Error — Review — Findings of Court.**

Where a case is tried without a jury, and the court submits written findings of facts

upon the disputed questions of fact, the same will be given the same weight and effect as the verdict of a jury, and where reasonably supported by the evidence, will not be disturbed in the Supreme Court.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Washita County; Thomas A. Edwards, Judge.

This was an action instituted by David B. Gahan, plaintiff in error, against M. A. Hart, defendant in error, who will hereafter be referred to as plaintiff and defendant. The action was commenced on the 27th day of May, 1920, and was for the purpose of setting aside a certain deed issued by the sheriff of Washita county to George W. Caldwell, executor of the estate of John W. Stephens, deceased, who afterwards sold the land to the defendant, M. A. Hart. The plaintiff alleges in his petition that he borrowed $5,000 from John W. Stephens and gave his note and mortgage, and that there was an understanding between him and said Stephens that if the note was not paid when due Stephens should have possession of the land mortgaged and receive the rents and profits until all of said note and mortgage was satisfied, and then the land should revert to him, Gahan. Later Gahan gave the second mortgage on the same land to Richard C. Gregg. and upon the maturity of the note to Gregg he commenced proceedings to foreclose his mortgage and Stephens intervened; that judgment was taken on the foreclosure proceedings brought by Gahan on March 24, 1913, and Stephens died on May 8, 1913; that thereafter proceedings were commenced to revive the judgment of John W. Stephens in the name of George W. Caldwell, as executor of the Stephens estate. It was alleged that the revivor was made on the consent for said Gahan by Swan C. Burnette, but Burnette's authority is questioned in the petition. The plaintiff, Gahan, sets up various allegations in his petition showing that under an arrangement with Stephens he is entitled to have the rents and profits and the balance due, if anything, and upon payment of the balance, the land be decreed to him. These various allegations are denied in the answer, and reply of plaintiff is largely a reiteration of the allegations of his petition. There was a trial on the 5th day of October, 1920. There was a conflict in the testimony on the controverted allegations of the petition, and upon conclusion of the testimony, the court filed written findings of facts and conclusions of law, which are as follows:

"Findings of Fact:

"(1) That on the 24th day of March, 1913, one Richard C. Gregg obtained a judgment in the district court of Washita county, Oklahoma, against David G. Gahan who is plaintiff in this suit, said judgment being for the sum of $3,271.38 and $276.97 attorneys fees and in said cause various parties were defendants, other than David B. Gahan, and John W. Stephens was intervenor, and said intervenor obtained a judgment against David B. Gahan, this plaintiff, in the sum of $5,672.92, and costs of suit.

"(2) That subsequent to the rendition of said judgment John W. Stephens, intervenor, died and on the 29th day of November, 1913, David B. Gahan, defendant in said foreclosure suit, and plaintiff in this suit, acting through his duly authorized attorney, Swan C. Burnette, filed in said foreclosure proceedings his written consent to the revivor of the Stephens judgment in the name of George W. Caldwell, executor of the last will and testament of John W. Stephens, deceased.

"(3) That at the time said Swan C. Burnette filed said written consent to the revivor of said judgment he was acting as attorney for David B. Gahan, this plaintiff, and was duly authorized by said Gahan to enter the consent of the said Gahan to the revivor of said judgment.

"(4) That on the 21st day of January, 1914, the district court of Washita county, Oklahoma, made and entered judgment in said foreclosure proceedings reviving the judgment of John W. Stephens, deceased, in the name of George W. Caldwell, executor of the last will and testament of John W. Stephens, deceased.

"(5) That on the 21st day of January, 1914, an order of sale issued out of the office of the clerk of the district court, in and for Washita county, Oklahoma, upon the judgment of Richard C. Gregg, the plaintiff in said cause and the judgment of John W. Stephens, intervenor, therein directing the sheriff to levy upon, advertise and sell the property in question in this suit to satisfy the judgment obtained in said foreclosure suit and pursuant to said order of sale the sheriff advertised the said property for sale on the 24th day of February, 1914, at the hour of 2 o'clock p. m., at the south front door of the court house in the city of New Cordell, the county of Washita and state of Oklahoma, and on the date advertised said property was sold by said sheriff acting under said order of sale and was purchased by George W. Caldwell, executor of the last will and testament of John W. Stephens, deceased, aforesaid, for the sum of $5,500, the amount being credited upon the Stephens judgment and the costs being paid by the executor of the Stephens estate.

"(6) That the notice of sale designated the court house as being in the city of New Cordell, and was correct, inasmuch as the correct and proper name of the city. is New Cordell and not Cordell, and inasmuch as there is no other court house in the county of Washita except the one located in said city.

"(7) That said sheriff's sale was duly confirmed by the order and judgment in the district court and the sheriff's deed was delivered to George W. Caldwell executor of the estate of John W. Stephens, deceased, and said deed was recorded in the office of the county clerk of said county in the month of April, 1914, and the executor went into possession of said property under said sale and sheriff's deed.

"(8) That when the estate of John W. Stephens, deceased, was closed the property in question was distributed to the heirs and said heirs being of age conveyed the property by warranty deed to M. A. Hart, this defendant, who is the present owner thereof, and said George W. Cordell, executor, and his grantees, have been in the undisputed possession of said property for more than five years from the date of execution and delivery and recording of the sheriff's deed and prior to the bringing of this suit.

"(9) That more than six months expired from the date of rendition of the judgment on which said property was sold to the issuance of the order of sale under which the property was sold and that this is a complete fulfillment of the requirements of the statute."

**"Conclusions of Law:**

"(1) The court holds as a conclusion of law, upon the facts found herein that M. A. Hart is the owner of the legal and equitable title to the property in question, and is entitled to have his title quieted as against the claim of David B. Gahan, the plaintiff.

"(2) That in the foreclosure proceedings in the case of Richard C. Gregg v. David B Gahan et al., the proceedings were regular in all respects and a clear title passed to George W. Caldwell, the purchaser of the property at the sheriff's sale upon the execution and delivery to him of the sheriff's deed.

"(3) That the statute of limitations has run on this cause and for this additional reason the plaintiff is not entitled to recover herein."

Upon these findings of facts, the court entered judgment and plaintiff filed a motion for a new trial, which was overruled, exceptions saved, and time allowed within which to make and serve case-made, and the case-made was duly presented, settled, and signed, and the case is now regularly before this court.

The plaintiff in error has assigned numerous errors which will be noticed hereafter.

W. R. Wheeler, for plaintiff in error.

Massingale & Duff, for defendant in error.

Opinion by MAXEY, C. There is no very great difficulty in deciding this case. The court has found the facts on each controverted question against the plaintiff in error and, under the rule of this court, that where in an equity case the court makes findings of fact, that it is entitled to the same weight and consideration as the verdict of the jury, and unless the findings of facts are clearly against the weight of the evidence they should not be disturbed; and the same is true of a law case where the case is submitted to the court without a jury and the court submits findings of fact, such findings will not be disturbed on the weight of the evidence. City of Chickasha v. Looney, 36 Okla. 155, 128 Pac. 136: Bailey v. Williamson-Halsell-Frazier Co., 44 Okla. 586, 145 Pac. 412; Fall City Clothing Co. v Sweazea, 61 Okla. 154, 160 Pac. 728; Schaffer et al. v. Lee, 64 Okla. 106. 166 Pac. 94; Sims v. Ward, 78 Okla. 72, 88 Pac. 884.

We have carefully read all of the testimony in the case and the comment of counsel on the testimony in their briefs, and we think the findings of facts on the controverted questions in the case as made by the court are sustained by the evidence. The court in its conclusions of law adds as an additional reason for giving judgment against the plaintiff that the action is barred by the statute of limitation. The contract that plaintiff alleges he had with Stephens was verbal, and there is no evidence in the record to sustain it. Stephens' death, no doubt, silenced the controversy as to whether there was such a contract, and the court evidently held that the case was barred under the five year statute of limitation, and we think the court was right.

The case seems to have been carefully tried and the findings of facts and conclusions of law are clearly set out, and as said before, the findings of facts are supported by the testimony, and from a reading of the record, we are unable to find any theory upon which the plaintiff is entitled to recover. We, therefore, recommend that the judgment of the trial court be in all things affirmed.

By the Court: It is so ordered.