**BREENE & KINNEAR et al. v. MAC WHYTE COMPANY.**

No. 14331—Opinion Filed Dec. 11, 1923.

Rehearing Denied April 8, 1924.

(Syllabus.)

1. **Appeal and Error—Review—Sufficiency of Evidence.**

In a law action, where a jury is waived and the cause tried to the court, and there is evidence reasonably tending to support the judgment rendered, the Supreme Court will not substitute its judgment for that of the trial court. Record examined, and held, that the evidence reasonably supports the judgment.

2. **Same—Discretion of Court—Amendment of Pleading.**

The permitting of an amendment to a pleading rests largely within the sound discretion of the trial court, and in the absence of a showing of an abuse of such discretion, the action of the court will not be disturbed. Record examined, and held, that the trial court did not abuse its discretion in refusing to permit the defendants to amend their answer after the trial of the cause and rendition of judgment.

Error from District Court, Tulsa County: W. B. Williams, Judge.

Action by MacWhyte Company, a corporation, against Breene & Kinnear, a copartnership composed of H. H. Breene and G. E. R. Kinnear, and H. H. Breene and G. E. R. Kinnear, individually, to recover upon an account. Judgment in favor of the plaintiff for $598.43, with interest. Defendants bring error. Affirmed.

West & Petry, for plaintiffs in error.

Owen, Yancey & Fist, for defendant in error.

KENNAMER, J. McWhyte Company, a corporation, plaintiff, instituted this action in the district court of Tulsa county against Breene & Kinnear, a copartnership composed of H. H. Breene and G. E. R. Kinnear, and H. H. Breene and G. E. R. Kinnear, individually, defendants, to recover $603.60 upon an account for wire rope sold to the defendants. A verified statement of the account was attached to the plaintiff's petition as exhibit A. Defendants filed a verified answer, admitting the copartnership of the defendants and the corporate existence of the plaintiff, but denied all the other material allegations of the petition.

The cause was tried to the court on the 28th day of November, 1922, both parties having waived a jury trial. A judgment was rendered in favor of the plaintiff for $598.43 with interest at the rate of six per cent. per annum from the 21st day of May, 1921, until paid. Motion for new trial was filed by the defendants and overruled, and the defendants have prosecuted this appeal to reverse the judgment.

From the brief filed in support of the petition in error it appears that counsel for the defendants contend that the judgment of the trial court is not supported by sufficient evidence, and is, therefore, contrary to law.

Counsel for the defendants base this contention upon a state of facts which they contend are established by the evidence introduced in the trial of the cause that Breene and Kinnear first purchased a rope from the Western Rope & Manufacturing Company of Tulsa, Okla., through Ben Gessell; that said rope was defective and that Gessell had agreed to replace it, and that the second rope which the defendants purchased, and the one for which this action was instituted to recover the purchase price, was received by the de-

fendants from Gessell as the representative of the Western Rope & Manufacturing Company of Tulsa, Okla., to replace the first rope, for which the defendants had paid the Western Rope & Manufacturing Company; and that the defendants did not purchase the rope from the plaintiff in this action and are not liable to the plaintiff for the purchase price of said second rope.

The theory of the plaintiff in the action was that it sold the rope to the defendants through the Western Rope & Manufacturing Company as its broker and it had mailed to the defendants several statements of the account for the purchase price of the rope; that the defendants made no reply to any of the statements and this action was instituted to recover the amount of the account.

The assignments of error present the following questions: That the judgment of the trial court is not supported by sufficient evidence. Second, that the trial court committed error in refusing to permit the defendants to amend their answer after the trial of the cause and the rendition of the judgment. The rule upon the first proposition is that in a law action, where a jury is waived and the cause tried to the court, and there is evidence reasonably tending to support the judgment of the trial court, the Supreme Court will not substitute its judgment for that of the trial court. Page v. Roddie et al., 92 Okla. 236, 218 Pac. 1092; Shenners v. Adams, 46 Okla. 368, 148 Pac. 1023.

We have examined the evidence in the record, and it appears to reasonably support the judgment of the trial court.

The request to amend the answer of the defendants was not made until after the introduction of the testimony and rendition of the judgment by the trial court. The amendment offered alleged that the defendants purchased the rope from the Western Rope & Manufacturing Company in its own name under a warranty that if the same should be defective it would be replaced, and said rope, having proved defective, was replaced by the Western Rope & Manufacturing Company, and these defendants having fully paid the Western Rope & Manufacturing Company therefor without knowing either the original rope or the replacement rope had been supplied to the defendants by the Western Rope & Manufacturing Company as the agent of the plaintiff herein.

The plaintiff in this action had taken the deposition of witnesses long before the trial of this cause, and it is plain from the evidence found in these depositions that the plaintiff had sold the rope to these defendants through the Western Rope & Manufacturing Company as its broker; that many statements had been rendered the defendants by the plaintiff for the purchase price of the rope and that the defendants never made any reply to the statements sent them demanding payment for the rope. The evidence is clear that the plaintiff only sold the one rope to the defendants, for which recovery is sought for the purchase price in this case, and that the plaintiff never had anything to do with the sale of the first rope, which the defendants claim was defective. It is admitted by the defendants that the rope for which this action is instituted to recover the purchase price was in every way satisfactory. We, therefore, do not believe the trial court abused its discretion in refusing the request of the defendants to amend their pleading after the trial of the cause. In this situation the question of undisclosed agency was not an issue in the cause, as such issue had not been raised by the pleadings.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and HARRISON, JJ., concur.