**MATTESON et al. v. WHITE, Adm'r.**

No. 12711—Opinion Filed Jan. 22, 1924.

Rehearing Denied April 1, 1924.

**Wills—Election by Surviving Wife to Take Under Will Instead of Under Statute.**

Where a man makes a will devising certain specific property to his wife during her lifetime, and an undivided one-half interest during her lifetime in the remainder of his estate, and said wife after his death presents the will to the court and files her application asking that the will be admitted to probate and expresses herself to the county judge that she is well satisfied with the provisions of the will and wants the will carried out as made, and that she joins with the executor in looking after the property, and on numerous occasions expresses herself as well satisfied with the provisions her husband has made for her, and a part of the property, being real estate situated in Kansas, is sold by her and the executor and properly divided between them, and she lives nearly three years after the death of her husband, and during that time makes no objection to the provisions made for her in the will, such action on her part will be construed to be an election to take under the will instead of under the statute, and on her death her heirs are estopped from claiming that part of the estate of the testator's property that she would have been entitled to under the statute.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Woods County; Frank Mathews, Assigned Judge.

Action by W. C. Matteson and others against Lynn G. White, administrator of the estate of D. D. White, deceased. Judgment for defendant, and plaintiffs appeal. Affirmed.

Gus Hadwiger and W. L. Houts, for plaintiffs in error.

A. J. Stevens and C. E. Wilhite, for defendant in error.

Opinion by MAXEY, C. On the 9th day of January, 1914, D. D. White, of Woods county, Okla., made and executed his last will and testament. Only such parts of the will as are involved in this case will be noticed. Paragraph two of said will is as follows:

"I give, devise and bequeath to my beloved wife, Lillian D. White, with the qualifications hereinafter stated, that certain real property in Woods county, state of Oklahoma, described as follows, to wit: Beginning one hundred feet south of the southeast corner of block fifty-nine in the original town of Alva, running thence west one hundred fifty feet, thence south one hundred feet, thence east one hundred fifty feet, thence north one hundred feet to the place of beginning, together with all of the appurtenances thereunto belonging, and all of my household furniture and fixtures of every kind, nature and description whatever including books, library, music and musical instruments, and everything contained in my home, for use therein as a home."

Paragraph three is as follows:

"I devise and bequeath to D. Kidder White, of Alva, Oklahoma, the sum of one thousand dollars ($1,000.00), to be paid to him in cash."

Paragraph four is as follows:

"I devise and bequeath to my said beloved wife, Lillian D. White, and to my beloved son, Lynn G. White, the entire residue, remainder and balance of my estate, real and personal and mixed, and of whatsoever nature, the same may consist and wherever the same be situated, share and share alike, with the following qualifications: At the death of my said wife, all of the property herein devised and bequeathed to her in any and all parts of this will shall then go to my said son, Lynn G. White, with the qualifications hereinafter stated, to wit: At the death of the said Lynn G. White, all of the property herein devised and bequeathed to him shall go to his son, D. Kidder White, and should the said Lynn G. White, pre-decease my said wife, Lillian D. White then all of the property herein devised and bequeathed to him shall go to the said D. Kidder White, the same as if the said Lynn G. White had survived my said wife. It is hereby distinctly understood and authority is hereby granted unto my said wife, Lillian D. White, and my said son, Lynn G. White, to grant, sell, convey, alienate, mortgage, trade or exchange or otherwise dispose of, or spend the property herein

devised and bequeathed to them, or the proceeds thereof, during their life, the same as if an estate in fee simple had been granted and devised unto them herein, and they may manage and control and spend all of such property accordingly. And such of the said property or the proceeds thereof as remains at their respective deaths shall go as hereinabove stated."

Said D. D. White died at Alva, Woods county, Okla., on the 14th day of October, 1917. On the 18th day of October, 1917, Lillian D. White appeared before the county court of Woods county with said will and filed her petition for the probate thereof, and said will was duly admitted to probating, and Lynn G. White was appointed administrator, with the will annexed of the estate of D. D. White; that said Lynn G. White and Lillian D. White managed said estate and used it in accordance with the terms of the will, and everything was perfectly agreeable and amicable between them up to the time of the death of said Lillian D. White, which occurred on July 20, 1920. After the death of Lillian D. White, certain persons claiming to be the heirs of Lillian D. White appeared before the county court and objected to the final report of Lynn G. White, administrator, and set up a claim to the part of the estate of D. D. White that Lillian D. White would have been entitled to under section 11224, Comp. Stat. 1921, which is as follows:

"What may be disposed of by will. Every estate and interest in real or personal property to which heirs, husbands, widow, or next of kin might succeed, may be disposed of by will: Provided, that no marriage contract in writing has been entered into between the parties; no man while married shall bequeath more than two-thirds of his property away from his wife, nor shall any woman while married bequeath more than two-thirds of her property away from her husband: Provided, further, that no person who is prevented by law from alienating, conveying, or encumbering real property while living shall be allowed to bequeath same by will."

The sole question for decision in this court is whether the remote heirs of Lillian G. White are entitled to the part of D. D. White's estate that she would have been entitled to if there had been no will. It is the contention of plaintiffs in error that Lillian D. White was a forced heir of the estate of W. D. White and that she was compelled to take under the statute and not under the will, or if she took under the will she would have to elect to take under the will instead of under the statute. On the other hand, it is the contention of defendants in error that

inasmuch as Lillian D. White accepted said will, filed the same for probate, and expressed herself as entirely satisfied with the provisions of the will, and taking under the provisions of the will for nearly three years, and making no election other than taking under the will, and offering no objections to the will during her lifetime, but in all things accepted the provisions of the will, that the alleged heirs, plaintiffs in error herein, are estopped from setting up claim to the statutory part of the estate of D. D. White which the said Lillian D. White could have elected to take in her lifetime, but instead accepted the provisions of the will, and by her acts and words expressed herself as entirely satisfied with the provisions of the will; that said alleged heirs cannot after her death come into court and overturn the provisions of the will and be decreed the owner of the statutory part of D. D. White's estate at the time of his death. It seems from the testimony that certain persons talked to Lillian D. White in her lifetime about being entitled to more under the law than she got under the will, but that she expressed herself as being satisfied with the terms of the will and on one occasion she stated to Mrs. W. E. Steadman, who was a witness in the case and was asked the following question:

"Tell the court just what she said (meaning Lillian D. White). A She said that she was going to see if she could sell that place (meaning the home place), and prove to the people that her husband had tried to do right by her."

This was a short time before her death, and there is not a syllable of testimony to show that she ever complained or appeared in any way dissatisfied with the terms of the will. The case was tried before the county judge of Woods county, Okla., and the court found, with reference to Lillian D. White, as follows:

"The court further finds that the said Lillian D. White, died July 20th, 1920; that prior to her death and since the death of the said D. D. White, she had continuously accepted the benefits given her by the said will; that she had worked with the administrator and assisted him in carrying out the provisions of said will; that at the time said will was offered for probate she stated that the will was just as she wanted it and made the application for the probate thereof; that the said Lillian D. White at the time of her death left neither father, mother, brother, sister nor child and had no near relatives: that her relations with her step-son and grand step-son were pleasant and strong reasons existed why the will might have been satisfactory to her: that the testimony offered sustains the claim that

the said Lillian D. White, did in her lifetime elect to take according to the provisions of said will and not under the statute and that at her death the residue of the estate of the said D. D. White and the unused proceeds of any of such property as has been disposed of, passed to Lynn G. White under the terms of said will, the remainder, if any, at his death to go to D. Kidder White.

"A final decree may be made approving the report of the said Lynn G. White and a further decree confirming the title to the remaining property in accordance with the terms of said last will and testament of D. D. White.

"R. M. Chase,
"County Judge."

A final decree was entered approving the report of Lynn G. White, administrator with the will annexed, and a further decree confirming the title to the remaining property in accordance with the terms of said last will and testament of D. D. White.

An appeal was taken by plaintiffs in error to the district court of Woods county, Okla., and again tried before Hon. Frank Mathews, assigned judge, who affirmed the decision of the county court and vested the title to the property according to the terms of the will. Judge Mathews is known to this court as one of the best trial judges of the state, and his findings of facts will not be disturbed by this court unless they are against the weight of the evidence. We have read the testimony of the witnesses, and nowhere in the testimony do we find that Lillian D. White ever in any way expressed dissatisfaction with the will, but on the contrary, at all times, said she wanted the will carried out as made. So there is no question about the weight of the testimony sustaining the findings of the trial court, and this case should be affirmed unless we adopt the plaintiffs in error's view of the law that Lillian D. White was a forced heir of D. D. White, and was not permitted to take under the terms of the will if she had so decided, but was compelled to take under the statute. We cannot assent to this view of the law. The section of statute above quoted, and under which the plaintiffs in error claim, is not susceptible of any such construction. Section 11224, Comp. Stat. 1921, was construed by this court in the case of York v. Trigg, et al., 87 Okla. 214, 409 Pac. 417, in which case the court used the following language:

"A will by a married man which bequeaths more than two-thirds of the testator's property away from his wife is invalid as to his wife, and such surviving wife has the right to elect whether she will take under the will or receive her distributive share of such deceased testator's property with which he died seized as an heir at law."

In this case, while the provision made for the wife in the will is only incidentally involved, the court took occasion to construe that part of the will in connection with what had been done and reached the conclusion that a provision similar to the one in the instant case was not void but only invalid as to the wife, and that such surviving wife had the right to elect whether she would take under the will and receive her distributive share of such deceased testator's property with which he died seized as an heir at law. As before stated, we think the acts and words of Lillian D. White after the death of her husband and up to the time of her death showed that she had no other thought than to accept the provisions of the will, and did accept them and acted under the will. Under this state of facts, we think there was ample evidence to sustain the findings of the trial court, and that under a long line of authorities from this court, it has been held that on appeal to the Supreme Court from a judgment rendered in an action in equity, the findings of facts of the trial court will not be disturbed unless it appears after a consideration of the entire record of the evidence that such findings are clearly against the weight of the evidence.

We cannot find in this case that the finding of the trial court is not sustained by the weight of the evidence, and entertaining this view of the case, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.