## BAKER v. JACK et al.

No. 15183—Opinion Filed June 23, 1925.

Rehearing Denied Oct. 20, 1925.

1. **Jury—Right to Jury Trial—Determination of Interest in Land.**

An action brought for the purpose of determining the interests of plaintiffs in specific real estate, as heirs of the allottee, for possession of their respective interests therein, and to quiet title against adverse claimants, is one in which the parties are entitled to a trial by jury, under section 532, Comp. St. 1921.

2. **Appeal and Error — Sufficiency of Evidence—Law Action Tried to Court.**

In a law action, where the parties are entitled to a trial by jury, and a jury is specifically waived, and the cause tried to the court, the evidence is sufficient to sustain a judgment if there is any evidence whatever reasonably tending to prove, either directly and immediately or by permissible inference, the essential facts, and the Supreme Court will not substitute its judgment for that of the trial court.

3. **Marriage—Validity of Common-Law Marriage.**

A common-law marriage may exist in this state, and when parties capable of entering into the marital relation agree to be and become husband and wife, and in pursuance of such agreement, enter into and thereafter maintain the marriage relation, a common-law marriage exists.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County; Thomas A. Edwards, Assigned Judge.

Action by Ada Jack, formerly Baker, nee Pickett, for herself and on behalf of Allen George Baker, a minor, as the heirs at law of George Baker, deceased, against Sally Baker, for possession of lands, of which George Baker died seized. Judgment for plaintiff, and defendant appeals. Affirmed.

Eugene B. Smith, for plaintiff in error.

Leahy & Brewster and J. B. Campbell, for defendants in error.

Opinion by RUTH, C. The parties hereto will be designated as they appeared in the trial court.

The plaintiff filed her action on behalf of herself and minor son to recover possession of quarter section of land of which George Baker died seised, possession of which land is wrongfully withheld from plaintiff by the defendant.

Plaintiff alleges George Baker departed this life during the year 1918 while with the expeditionary forces of the United States Government in France, and left surviving him, as his next of kin and heirs at law, his widow, this plaintiff, Ada Jack, formerly Baker, and his son, plaintiff Allen George Baker, and the plaintiff prays possession of the lands of which George Baker died seised, and that plaintiffs be decreed to be the owners of the land in equal, undivided parts, and that title be quieted in them.

To this petition the defendant filed her answer and cross-petition in which she admits that George Baker died seised of the N. E. ¼ of sec. 14, twp. 17 north, range 10 east, Creek county, Okla., and that she is in possession of the same.

In her cross-petition defendant admits possession of the land and that the same was George Baker's homestead and surplus allotment, and that George Baker departed this life in France, unmarried and without issue, and left surviving him as his next of kin and only heir at law, his mother, the cross-petitioner, and prays that title may be quieted in the defendant Sally Baker.

Answer to the cross-petition was filed, wherein plaintiffs deny each and every allegation of the cross-petition except the enrollment of George Baker, his allotment of the lands, and that he died intestate during the year 1918.

Upon the cause being called for trial a jury was waived by agreement, and the cause was tried to the court. From a judgment for plaintiffs the defendant appeals and brings this cause here regularly for review.

It appears that since the death of George Baker, the plaintiff has married one Lolly Jack, so we will designate her as Ada Pickett, the name under which she was enrolled.

The only question to be determined in this

case is whe.her or not George Baker and Ada Pickett were married. George Baker was a Creek Indian and enrolled as such, and plaintiff was a Euchee Indian, and claims she was the common-law wife of George Baker. A common-law marriage may exist in this state, and when parties capable of entering into the marital relation agree to be and become husband and wife, and in pursuance of such agreement enter into and thereafter maintain the marriage re..ation, a common-law marriage exists. Marriage in the legal sense is a civil contract, and statutes regulating the form of entering into the marriage relation are usually directory, and where statutes do not expressly prohibit or forbid other forms of marriage, a common-law marriage consummated in accordance with the rules of the common law, is valid. In re Sanders' Estate, 67 Okla. 3, 168 Pac. 197; Hughes v. Kano., 68 Okla. 203, 173 Pac. 447.

Defendant contends that proof of a common-law marriage must be clear and convincing and complains of the insufficiency of the evidence in this case to support the judgment of the court, but where parties are entitled to a trial by jury, and a jury is waived and the cause is tried to the court, this court will not weigh the evidence to determine the preponderance thereof but will, in a proper case, examine the evidence to determine whether there is any competent evidence whatever reasonably tending to prove, either directly and immediately or by permissible inference, the essential facts.

This action is one wherein either party might have demanded a jury. This court has very recently said in Halsell v. Beartail, 107 Okla. 103, 227 Pac. 392:

"An action brought for the purpose of determining the interest of plaintiffs in specific real estate, as heirs of the allottee, for possession of their respective interests therein. and to quiet title against adverse claimants, is one in which the parties are entitled to a trial by jury under section 532, Comp. St. 1921."

A jury having been specifically waived in this case, it comes within the rule and the finding of the court will be given the same weight and consideration as the verdict by a jury.

The evidence for the plaintiff discloses that she was a Euchee Indian girl and was attending the Indian School at Chilocco, and school closed in June, 1916, and in July, 1916, she met George Baker, a Creek Indian, and after about six weeks acquaintance, during which time George Baker paid her

marked attention, they became engaged, and George Baker suggested they get married, and told Ada Pickett that as they were Indians they did not need any license, but could be married "after the Indian fashion," and at George's suggestion they went to a hotel and registered as man and wife, and lived there for one week as such man and wife.

They then left Sapulpa and went to live with Mrs. Posey, a sister of plaintiff, who lived about seven miles south of Sapulpa near Picketts Ferry, and there George Baker and plaintiff continued to live as man and wife, occupying a room in Mrs. Posey's home, and George Baker bought groceries and other things for plaintiff, and all plaintiff's relatives considered them and treated them as man and wife, and this relation and residence at the home of the sister of the plaintiff continued for a period of one year.

The evidence discloses George Baker owned an automobile and about once each week he would drive to Kellyville, about 15 miles from where he was living, and visit his mother. On September 4 1917, a child was born to Ada Baker, nee Pickett, and this child is the plaintiff Allen George Baker, a minor.

It further appears from the evidence that about two weeks before the baby was born, George and Ada had some slight domestic "fuss" and George left Mrs. Posey's and was not present when the child was born, but one witness testified that after the birth of the child George Baker spoke of the child as his child, and said when he went into the army (which happened about eight days after the baby was born) he was going to leave his insurance and his property to his baby, meaning the plaintiff Allen George Baker. The defendant, Sally Baker, mother of George Baker, met Ada Pickett-Baker, with her baby, on the streets of Sapulpa, and gave the baby a dollar, and talked to the plaintiff.

The defendant, Sally Baker, testified that George Baker denied he was the father of the child, but there is not one scintilla of evidence to the effect that Ada Pickett Baker was of unchaste character, or even was seen in the company, or received the attentions of any other man than George Baker.

Evidence was introduced by the defendant to show that around Kellyville, 15 miles from the Posey home, George Baker had the reputation of being a single man, but this

appears to be based upon the fact that he "ran around with the girls, and took them out riding," but to our mind the fact that a man takes girls out "joy riding" is not positive proof of celibacy.

Both George Baker and Ada Pickett were capable of entering into a marriage contract, and this court in Bothwell v. Way, 44 Okla. 555, 145 Pac. 350, said:

"All that is required is that there should be an actual, and mutual agreement to enter into a matrimonial relation, permanent and exclusive of all others, between parties capable in law of making such a contract, consummated by their cohabitation as man and wife, or their mutual assumption openly of marital duties and obligations."

This being the law of this state at this time, and it being shown that both parties were capable at law of entering into a matrimonial relation, we are of opinion there is evidence reasonably tending to prove the allegations of the plaintiffs' petition and that the relation of husband and wife existed between George Baker and Ada Pickett-Baker, from July, 1916, and that this relation continued until the death of George Baker.

"In a law action, where a jury is waived, and the cause tried to the court, and there is evidence reasonably tending to support the judgment rendered, the Supreme Court will not substitute its judgment for that of the trial court." Breen and Kinnear v. Mc Whythe Company, 101 Okla. 247, 224 Pac. 959; Gahan v. Hart, 97 Okla. 243 224 Pac. 494.

"The evidence is sufficient to sustain a judgment if there is any evidence whatever reasonably tending to prove either directly or immediately or by permissible inference the essential facts." Hand et al. v. Hickok, 98 Okla. 125, 224 Pac. 505; Great Western Coal & Coke Co. v. Serbantas, 50 Okla. 118, 150 Pac. 1042.

Regardless of what individual opinions may be as to the propriety of "common-law marriages," that is, entering into the marital relation without the formality of having it solemnized by a minister of the gospel or a magistrate authorized to solemnize marriages, and after license obtained, so long as it is recognized in this state, those entering into this relation are entitled to the protection of our laws, and particularly is this true when children are born as a result of such a union.

This soldier boy went across, determined to "return with his shield, or on it." He returned "on" it, but we are going to indulge the belief that had he returned triumphant, he would have been proud to have acknowledged his offspring, and under all the evidence, we cannot put the brand of illegitimacy upon the unquestioned son of an American soldier, and there being evidence reasonably tending to sustain the judgment, the judgment of the trial court should in all matters be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 C. J. p. 156, § 27. (2) 4 C. J. 879, § 2853. (3) 26 Cyc. p. 840; anno. L. R. A. 1915E, p. 8, et seq., 18 R. C. L. pp. 390, 391; 3 R. C. L. Supp. p. 808; 4 R. C. L. Supp. p. 1184, 5 R. C. L. Supp. p. 981.