## In re BAKER'S ESTATE.
## DEWEESE et al. v. BAKER et al.

No. 24438.    Feb. 19, 1935.

596

Kelly & Grigsby, for plaintiffs in error.

Geo. E. Rider, for defendants in error.

PER CURIAM. On September 27, 1929, Isaac Edward Baker, a resident of Marshall county, Okla., died, without issue, leaving his widow, Mary S. Baker, a brother, Jim Baker, a sister, Mary Louisa Lafevre, and a half-sister, Martha Henly, who is not a party to this proceeding. He left a will, in which he provided for the payment of all his debts and funeral expenses, devised $50 to his brother, Jim Baker, and $50 to his sister, Mary Louisa Lafevre, and all the residue of his property he left to his wife, Mary S. Baker, whom he designated as executrix of the will. The estate of Isaac Edward Baker consisted solely of property acquired by the joint industry of himself and his wife, Mary S. Baker, during coverture.

The will was duly admitted to probate on the petition of the widow, Mary S. Baker, who was appointed and qualified as executrix, and as such gave notice to creditors, filed an inventory, paid the bequests to Jim Baker and Mary Louisa Lafevre, and filed a final account. In her final report she prayed for an order of distribution of the personal property. The final account was approved by the court, and an order was made discharging the executrix, but no decree of distribution was entered except as contained in the decree approving the final account, and no notice of hearing of a petition for final distribution was given.

On September 6, 1931, Mary S. Baker died, intestate, without issue, leaving her brothers and sisters, plaintiffs in error, as her heirs at law. The court duly appointed Joe Hannon administrator of the estate. He filed an inventory, which disclosed that the estate consisted of the undisposed of portion of the property which Isaac Edward Baker, by his said will, devised to his widow.

The defendants in error, Jim Baker and Mary Louisa Lafevre, brother and sister of the said Isaac Edward Baker, deceased, filed in the county court a petition praying that they be adjudged to be heirs of the said Isaac Edward Baker, deceased, and that distribution be made to them of their respective shares of the estates of Isaac Edward Baker and Mary S. Baker, deceased. The county court decreed distribution to the heirs of Mary S. Baker, deceased (plaintiffs in error), of one-half of said estate, and one-half thereof to the heirs of Isaac Edward Baker (defendants in error and the said Martha Henly). On appeal to the district court that court approved the findings and decree of the county court, and judgment was entered accordingly. From this judgment plaintiffs in error appeal.

It is the contention of plaintiffs in error that Mary S. Baker took title to the property as devisee under the said will of Isaac Edward Baker, and that upon her death it descended to her heirs. If this contention is correct, the judgment of the district court must be reversed. It is the contention of defendants in error that Mary S. Baker took the property under the law of succession, and not under the will, and that upon her death it went one-half to her heirs and one-half to the heirs of Isaac Edward Baker. If this contention is correct, the judgment of the district court must be affirmed. For a solution of this problem, we must look to the applicable provisions of the statutes.

It would seem to be entirely clear that under the provisions of the Oklahoma statutes every person over the age of 18 years, of sound mind, has the right to dispose of all of his estate, real and personal, by will, subject to the payment of his debts, provided that a will shall be subservient to any antenuptial marriage contract in writing, and provided that no spouse shall bequeath away from the other so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law.

Section 1536, O. S. 1931 (section 11221, C. O. S. 1921), is as follows:

"Who May Make a Will. Every person over the age of 18 years, of sound mind, may, by last will, dispose of all his estate, real and personal, and such estate not disposed of by will is succeeded to as provided in this chapter, being chargeable in both cases with the payment of all the decedent's debts, as provided in civil procedure."

Section 1549, O. S. 1931 (section 11224, C. O. S. 1921), as amended by S. L. 1925, c. 26, p. 30, provides that:

"Every estate in property may be disposed of by will; provided, however, that a will shall be subservient to any antenuptial marriage contract in writing, but no spouse shall bequeath away from the other so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law; provided, further, that no person shall by will dispose of property which could not be by the testator alienated, incumbered or conveyed while living, except that the homestead may be devised by one spouse to the other."

The estate sought to be disposed of by Isaac Edward Baker by will was his property, even up to the moment of his death, and up to that time he had the right to do with it whatsoever he pleased, provided no part of it was the homestead. His wife owned no interest in it, and could not have prevented any disposition of it that he m'ght have desired to make. Certainly, in the light of the foregoing provisions of the statute, he had the right to dispose of his estate by will, subject to the right of his wife to decline to take under the will and elect to take under the law of descent and distribution. There would not seem to be any question but that the wife had the right to elect to take either under the will or under the statute of descent and distribution. And having filed the will for probate, having consented to act as executrix and qualified as such, having given notice to creditors, filed an inventory, paid the bequests provided for in the will and asked for credit therefor in her accounts, having filed a final account, which was approved by the court, and the court having entered an order discharging her as executrix, and exonerating her bond, and she having died without any indication of dissatisfaction with the will, this constituted an election to take under the will, and she and her heirs and the heirs of her husband were bound by the election. If she had desired to do so, she might have declined to take under the will, and have elected to take under the statute of descent and distribution. But this she did not do.

She elected to take under the will; she carried out fully all of its provisions; she never at any time, so far as the record discloses, made any complaint about the will or any of its provisions; she was fully satisfied with it; and after her death no one else can be heard to complain.

Defendants in error contend that the will of Isaac Edward Baker was wholly ineffective, and that the entire estate descended to his widow under the law of succession.

Section 1617, O. S. 1931 (section 11301, C. O. S. 1921), so far as applicable here, provides:

"Descent and Distribution. When any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it descends and must be distributed in the following manner: * * *

"Second. If the decedent leave no issue, the estate goes one-half to the surviving husband or wife, and the remaining one-half to the decedent's father or mother, or, if he leave both father and mother, to them in equal shares; but if there be no father or mother, then said remaining one-half goes, in equal shares, to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation. If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares: Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."

It is obvious that this provision of the statutes, standing alone, has no application here. It is only material when considered in connection with section 1539, O. S. 1931. When considered in connection with that section, it has the effect of limiting the quantum of the estate which one spouse may bequeath away from the other, in the absence of an election or consent to take under the provisions of a will. Ordinarily, this provision of the statute would be applicable only "when any person having title to any estate * * * dies without disposing of the estate by will."

In Appeal of the Sims' Estate, 162 Okla. 35, 18 P. (2d) 1077, this court, speaking

with reference to said section 11301, C. O. S. 1921, held:

"The provisions of subdivision 2, section 11301, C. O. S. 1921, are applicable 'when any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, * * *' but they are not applicable where the estate has been disposed of by will."

It cannot be said that Isaac Edward Baker died without disposing of his estate by will, unless it could be held that because of the provisions of section 1539, O. S. 1931, he was without power to dispose of his estate by will.

By section 11224, C. O. S. 1921 (section 1539, O. S. 1931), before its amendment in 1925, it was provided that:

"No man while married shall bequeath more than two-thirds of his property away from his wife, nor shall any woman while married bequeath more than two-thirds of her property away from her husband."

In Matteson v. White, 98 Okla. 190, 224 P. 499, this court, speaking with reference to the section as it stood before the amendment, said:

"The sole question for decision in this court is whether the remote heirs of Lillian G. White are entitled to the part of D. D. White's estate that she would have been entitled to if there had been no will. It is the contention of the plaintiffs in error that Lillian D. White was a forced heir of the estate of D. D. White and that she was compelled to take under the statute and not under the will, or if she took under the will she would have to elect to take under the will instead of under the statute. On the other hand, it is the contention of the defendants in error that inasmuch as Lillian D. White accepted said will, filed the same for probate, and expressed herself as entirely satisfied with the provisions of the will, and taking under the provisions of the will for nearly three years, and making no election other than taking under the will, and offering no objections to the will during her lifetime, but in all things accepted the provisions of the will, the alleged heirs, plaintiffs in error herein, are estopped from setting up claim to the statutory part of the estate of D. D. White which the said Lillian D. White could have elected to take in her lifetime, but instead accepted the provisions of the will, and by her acts and words expressed herself as entirely satisfied with the provisions of the will; that said alleged heirs cannot after her death come into court and overturn the provisions of the will and be decreed the owners of the statutory part of D.

D. White's estate at the time of his death. * * *

"This case should be affirmed unless we adopt the plaintiffs in error's view of the law that Lillian D. White was a forced heir of D. D. White, and was not permitted to take under the terms of the will if she had so decided, but was compelled to take under the statute. We cannot assent to this view of the law. The section of statute above quoted, and under which the plaintiffs in error claim, is not suspectible of any such construction. Section 11224, Comp. Stat. 1921, was construed by this court in the case of York v. Trigg et al., 87 Okla. 214, 209 P. 417, in which case the court used the following language:

"'A will by a married man which bequeaths more than two-thirds of the testator's property away from his wife is invalid as to his wife, and such surviving wife has the right to elect whether she will take under the will or receive her distributive share of such deceased testator's property with which he died seized as an heir at law'."

Under a system like ours, we know of no theory or rule of law under which a widow would be compelled to take under the law of descent and distribution if she preferred to take under the will of her husband. She undoubtedly has the right to elect under which she will take, and having elected there is no ground on which anyone else may complain.

Defendants in error contend that the amendment of section 11224, C. O. S. 1921 (section 1539, O. S. 1931), changed the character of the estate of the husband, so that it ceased to be his property and became a "joint estate," or a "joint tenancy," or a "tenancy in common," or "common property," or "community property," which could not be disposed of by the husband by will, and that the widow could not elect to take under such a will, it being void, and merely an attempt to dispose of something which the testator did not own. This contention is not sustained by the cases, and is not justified by reason or logic.

Defendants in error quote from California cases construing provisions of the "common" or "community" property laws of that state. We have no rule of community property in this state, and these cases are of no value in construing the plain provisions of our statutes. Defendants in error refer to the cases of Black v. Haynes, 45 Okla. 364, 145 P. 362, and Louthan v. Johnson, 111 Okla. 170, 239 P. 173, wherein this court, in discussing the second subdivision of sec-

tion 11301, C. O. S. 1921 (section 1617, O. S. 1931), used the words "community property," but a reading of those cases shows clearly that they do not justify the contention of defendants in error herein.

In the Black Case this court said:

"This proviso, **in case the husband died intestate,** leaving a wife surviving, creates an estate in the manner of community property. It is the general rule that in the absence of an antenuptial agreement to the contrary in jurisdictions where the system of community property prevails, upon the death of either the husband or wife, one-half vests in the heirs of the deceased. 27 Cyc. 1703. **It seems quite clear that the purpose of the section under consideration is to provide a general rule of descent,** and that the first sentence thereof, '**When any person having title to any estate** not otherwise limited by marriage contract, **dies without disposing of the estate by will,** it descends and must be distributed in the following manner * * *,' relates to and qualifies the whole section." (Emphasis supplied.)

It will be seen that there the court in using the words "community property" was talking about the character of the estate after the death of the decedent without disposition of the estate by will.

In this case the widow took title to the property as the devisee of her husband, and not under the law of descent and distribution, and when she died the property descended to her heirs, the plaintiffs in error.

The judgment of the district court is reversed, and the cause is remanded, with directions to order distribution of the property to the plaintiffs in error.

The Supreme Court acknowledges the aid of Attorneys Ed Waite Clark, N. A. Gibson, and Samuel A. Boorstin in the prepparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Clark and approved by Mr. Gibson and Mr. Boorstin, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.