## STEVENS v. ROGERS et al.

No. 26985. May 18, 1937.

Rehearing Denied June 8, 1937.

R. E. Bowling, for plaintiff in error.

Blanton, Curtis & Blanton and H. W. Fielding, for defendants in error.

HURST, J. This is an action by the husband of a testatrix to recover a greater interest in his wife's estate than she had left him by will, after he had accepted partial distribution. The question is whether he must be held in law to have elected to take under the will.

Martha Yingling Stevens died in February, 1934, leaving as heirs, S. M. Stevens, who was her husband, and certain half-brothers and half-sisters. She owned property which had been willed to her by her first husband, James Yingling. Before her death she executed a will by which she gave certain pieces of jewelry to her nieces, and directed that the remainder of her property be sold after her death and the money divided one-third to her husband and the other two-thirds to her nieces and nephews. District Judge W. G. Long was named as executor. A few days after her death, S. M. Stevens and Anna Rogers, one of the nieces, consulted an attorney, H. W. Fielding, and being advised that Judge Long could not act as executor, they asked Fielding to act. He then prepared a petition for probate of the will, and it was signed by both Stevens and Anna Rogers. The hearing was set for March 6, 1934, but before that time, Stevens, desiring the appointment himself, consulted another attorney and protested the appointment of Fielding. On March 6, 1934, the county court made an order admitting the will to probate and appointed Fielding administrator with the will annexed, requiring a bond in the sum of $10,000. No appeal was taken from this order, and Fielding executed a bond and proceeded to administer the estate. He gave notice to creditors and delivered the jewelry to the various legatees as directed by the will. Stevens filed an application for support money and also to have the homestead set aside to him, and both orders were granted. Upon application of the administrator, a partial distribution was ordered and Stevens received a check for $420 on which was written, "Partial distribution Estate Martha Yingling Stevens, deceased," which constituted his one-third share. Another partial distribution was ordered and Stevens received another check for $1,350 with a similar statement written on the face. Also upon application of Stevens, $150 was paid to his attorney.

Thereafter Stevens discharged his attorney and employed another, and on April 9, 1935, he filed this action in the district court against the administrator and the devisees and legatees named in the will. The petition alleged in substance that he was entitled to the whole estate for the reason that he was the husband of the deceased and she left no issue, no father or mother and no brother or sister, that under section 1539, O. S. 1931, no spouse can bequeath from the other less than he would receive by succession. The defendants demurred on the ground that the district court did not have jurisdiction and the petition did not state a cause of action. The demurrers were overruled and defendants answered alleging that plaintiff was estopped to deny the validity of the will. The court entered judgment in favor of the defendants, and plaintiff brings this appeal.

The first question is whether this is an equitable action or a legal action. It is an action to determine the interest of plaintiff, as an heir, in specific real and personal property, to recover the same, and to quiet title against adverse claimants. In such case it is held that the parties are entitled to a trial by jury under section 350, O. S. 1931. Baker v. Jack (1925) 112 Okla. 142, 241 P. 478; Yargee v. McMillan (1927) 129 Okla. 48, 262 P. 682. The record does not disclose whether either plaintiff or defendants demanded a jury, but the case was tried to the court. Under such circumstances, a jury was waived, and this case comes within the rule that the findings of the court will be given the same weight and consideration as the verdict of the jury. The judgment of the trial court, therefore, will not

be disturbed if there is any evidence reasonably tending to support it. Baker v. Jack, supra; Yargee v. McMillan, supra.

Plaintiff contends that, inasmuch as the deceased left no issue, no father, nor mother, nor brother, nor sister, he is entitled to the whole estate as surviving husband under section 1617, O. S. 1931, and that the will is invalid as to him by reason of section 1539, O. S. 1931, providing in part that "no spouse shall bequeath away from the other so much of the estate of the testator that the other spouse would · receive less in value than would be obtained through succession by law."

However, it is well settled that a surviving spouse may be held to have elected to take under the will rather than the law, where there are acts showing acceptance and acquiescence and an intention to make an election. The party, by his conduct, may be estopped to deny this election. Kinnett v. Goodno (1935) 170 Okla. 620, 41 P. (2d) 824; Matteson v. White (1924) 98 Okla. 190, 224 P. 499; Ross v. Ross (1922, Kan.) 207 P. 786; Andrews v. Kelleher (1923, Wash.) 214 P. 1056; Williams v. Campbell (1911, Kan.) 118 P. 1074; 69 C. J. 1117, et seq.

In the case at bar, plaintiff filed the petition asking that the will be probated. He accepted the partial distribution and support money. He remained silent while the administrator distributed the jewelry to the legatees. He took no 'appeal from any orders of the county court. Therefore, the finding of the trial court that the plaintiff had elected to take under the will and was estopped from claiming under the law, is supported by the evidence.

Plaintiff claims that no one advised him of his legal rights and hence he cannot be said to have made an intelligent election with full knowledge of the facts as required by Appeal of Sim's Estate, 162 Okla. 35, 18 P. (2d) 1077. But the court found that he "knowingly accepted the provisions" made for him under the will. He was at all times represented by counsel of his own choosing, and there is no claim that his attorneys or the administrator acted fraudulently. Under these circumstances, the finding of the court in this respect is sufficiently supported by the evidence.

Under the findings of the court, which were supported by competent evidence, the conclusion of law that the plaintiff had elected to take under the will· is consistent with the rules announced in the foregoing decisions. The conduct of plaintiff binds him to this election.

Plaintiff claims that the orders of the county court, authorizing partial distribution, were void because no bond was executed by the recipients, and for that reason these orders cannot be considered to prove an election to take under the will. He cites Courtney v. Daniel (1926) 124 Okla. 46, 253 P. 990, for the proposition that the orders are void. But, in the case at bar, plaintiff himself received a share of the distribution without objection, and his acceptance of the benefits under the will, irrespective of the validity of the orders, is a proper consideration in determining the question of election by conduct.

Under our view that the lower court was justified in holding that the plaintiff has elected to take under the will, it is unnecessary to determine the rights of the parties under the succession statutes.

The parties do not here raise the question of the jurisdiction of the district court to entertain this action while the probate proceedings are still· pending in the county court. Inasmuch as the district court has general jurisdiction of the subject matter of this action, that question will be considered waived. 15 C. J. 844, et seq.

The judgment is affirmed.

RILEY, ' BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, C. J., not participating. BAYLESS, V. C. J., absent.