### REPUBLIC OF CHINA v. MERCHANTS' FIRE ASSUR. CORPORATION OF NEW YORK.

No. 6287.

Circuit Court of Appeals, Ninth Circuit.

May 8, 1931.

See, also, 30 F.(2d) 278.

W. Y. Char and H. D. Rodger, both of Shanghai, China, and Eustace Cullinan and Thomas W. Hickey, both of San Francisco, Cal., for appellant.

Fleming, Franklin & Allman, of Shanghai, China (George F. Richardson, of Shanghai, China, of counsel), for appellee.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order of the United States Court for China refusing to vacate the entry of the satisfaction of a money judgment against appellee and in favor of the republic of China. It appears from the affidavits and records used upon the motion and incorporated in the transcript that the judgment and satisfaction were the result of a compromise arrangement entered into between the appellee and the attorney at law and attorney in fact of the plaintiff in the action upon an obligation of the appellee growing out of a loss sustained upon a fire insurance policy issued by it to the Chinese government telephone administration, Wuchang, upon its telephone building at Wuchang, China, which was destroyed by fire on the 22d day of February, 1926, while the policy was still in force. The amount of the loss had been ascertained in accordance with the terms of the policy to be $66,238.12, Mexican silver dollars. In pursuance of the stipulation for a settlement of the claim, the above-mentioned judgment was entered, and, upon payment being made in accordance with the terms of this stipulation, the satisfaction of judgment was entered. The suit was brought in pursuance of authority thereto by the civil officers purporting to represent the Chinese government at Peking who were co-operating with the military forces under General Chang Tso Ling which had captured the city of Peking and driven out the officers of the Provisional government of the republic of China. In making the settlement and consenting to the judgment and in making a payment thereof, the appellee dealt with the same attorneys at law and in fact who had brought the suit. After these transactions were completed and the judgment satisfied, the government of the United States, in July, 1928, recognized as the rightful government of China the Nationalist government of China, with headquarters at Nanking, whose military forces had been operating under General Chang Kai Shek. Upon the theory that such recognition related back to the beginning of the Nationalist government, it is contended that the courts must act upon the theory that, at the time this action was brought, and when judgment was rendered and the time of its satisfaction, the present recognized government of China was the only authority authorized to bring and maintain the action, and that the judgment in this action in favor of the republic of China, while actually procured by agents of the Peking government, is nevertheless the property of the Nationalist government, because such government is now recognized as the rightful government of China, and such recognition is binding upon the judicial department of our government. It is therefore contended that the recognized government has a right to the judgment and to claim here that the payment thereof was to persons who were

not authorized to represent the republic of China, and that such payment therefor should be ignored and the satisfaction of the judgment vacated.

█ It should be observed at the outset that this contention is in conflict with the axiom that he who takes benefit must bear the corresponding burden. In this case the benefit which the appellant seeks to appropriate is the judgment in favor of the republic of China. The corresponding burden is the agreement under which the judgment was procured, and this agreement not only provided for the entry of the judgment, but for its satisfaction in the manner and by the payments authorized thereby. This is in accord with the opinion of the trial judge, who stated his views in his opinion given in connection with his ruling upon the motion as follows:

"The satisfaction of the judgment, for the consideration so specified, was therefore an essential and very important factor in the contract by which the compromise and settlement was to be effected, and but for the agreement to give such satisfaction of judgment no such judgment would ever have been entered.

"To permit the movant, under such circumstances, to reject the satisfaction and compromise of the judgment, which were the very conditions upon which the judgment was procured and entered, and at the same time to take over the judgment as the beneficial owner thereof and have execution thereon for the full amount of the judgment, would in my opinion do violence to the most elementary principles of equity and justice. Such a course of procedure would result in compelling the defendant to pay the judgment a second time, and in an amount of money very much in excess of the consideration for which the judgment had already been compromised and settled."

This consideration alone we think would require us to affirm the action of the trial court in refusing to set aside the satisfaction of the judgment. In view of the somewhat complicated situation presented by the record, we will state some additional facts and consider their applicability to the question involved on this appeal.

At the time of the procurement of the policy on the Telephone Exchange Building in Wuchang, the government telephone administration using the building and procuring the fire insurance policy was the duly recognized Provisional government having its capital at Peking. Thereafter the military forces operating under Chang Kai Shek of the Nationalist government captured the cities of Wuchang and Hangkow, China, across the Yangtse river from Wuchang. The fire which caused the loss sued upon occurred before the capture of Wuchang by the forces of the Nationalist government and during the continuance of the Provisional government recognized by the United States government. The Nationalist government took possession of the Telephone Exchange building, and thereafter operated the exchange. It secured possession of the policy involved in this action, and after the adjustment of the loss brought a suit (No. 3004) upon the policy against the appellee in the name of the republic of China in the United States Court for China at Shanghai, which place was also occupied by the military forces of the Nationalist government. Shortly thereafter, this action (No. 3025), instituted by the authorities at Peking, was brought in the name of the republic of China against the appellee upon the same policy and loss. With these two actions pending before the United States Court for China against the appellee upon the same insurance policy and for the same loss, the jurisdiction of the court was invoked by appropriate motions to have determined which of the two governments or sets of officials was entitled to sue upon the claim of the republic of China, neither government having been expressly recognized by the government of the United States, and the government which had been recognized (the Provisional government at Peking) having been entirely dissipated and dispersed by the military forces operating under Chang Tso Ling. The trial court, recognizing the principle that it lies with the executive and legislative departments of the government to determine which government of China it should recognize, came to the conclusion that the United States government had sufficiently recognized the Peking government to justify that government in prosecuting the action. This decision was based upon a telegram from the American minister at Peking. The court thereafter sustained the authority of the attorneys at law and in fact who were prosecuting this action (by the Peking government), No. 3025, and in action No. 3004 decided against the authority of those who were prosecuting that action in behalf of the republic of China upon authorization from the Nationalist government. The Nationalist government appealed to this court. In the meantime the government of the United States recognized the Nationalist government, and, basing our judgment upon

that ground, this court reversed the judgment of dismissal in case No. 3004. Republic of China v. Merchants' Fire Assur. Corp., 30 F.(2d) 278.

In the meantime, the trial court had proceeded to judgment in this action, No. 3025, as hereinbefore stated. When case No. 3004 was remanded for further proceedings by the trial court, the appellant insurance company, defendant in that action, set up the judgment in No. 3025 as a bar to the action. The court rendered judgment in favor of the defendant (appellee herein) sustaining its claim that the judgment in No. 3004 was res judicata. Appellant, in effect, claims that this judgment in action No. 3004 was erroneous. In the absence of an appeal, the judgment is binding, even if erroneous. After the rendition of the judgment in case No. 3004, appellant took the position in action No. 3025 hereinbefore stated, namely, that as the recognized government of China it was entitled to collect the judgment in favor of the republic of China rendered in case No. 3025. The settlement between the parties claiming to represent the republic of China in this case, No. 3025, and the appellee insurance company, provided that the judgment, when rendered, should be satisfied by a payment to the Equitable Eastern Banking Corporation of $43,-029.20, Mexican, and the assignment to said bank of a claim of the appellant against the Russo-Asiatic Bank at Hankow for $25,993.99, Mexican. The sum of these two amounts represents the total loss due to the fire, with interest thereon. This money was to be paid, and the assignment of the claim against the Russo-Asiatic Bank was to be made, to the Chinese Electric Company, Limited, the attorney in fact of the Chinese (Peking) government. In the event this court, upon the pending appeal from the judgment of dismissal in case No. 3004, reversed that judgment, it was agreed that the money so paid and the assignment should be deposited with the Equitable Eastern Bank Corporation at Shanghai, China, to be held to await the event of the trial of case No. 3004, and, in case the judgment was rendered against the appellant in that action, the money and assignment were to be returned to the appellee insurance company, to be applied to the satisfaction of any judgment rendered in action No. 3004. It was also agreed that the counsel for the Chinese government (Peking government) should have the right to defend against the action of the Nationalist government (in case No. 3004) and take an appeal to this court in the event of an adverse judgment. No express agreement is made with reference to the disposition of this deposit in the event that the judgment in No. 3004 was adverse to the Nationalist government, as it was.

There seems to be no serious question but that the money paid into the banking company upon this settlement and the assignment is available to the appellant, the recognized government of China. The principal complaint made here is that the appellee insurance company gained an advantage in the settlement because of the transfer of a claim against an insolvent bank in lieu of the corresponding obligation to pay money. It is claimed that the agreement for the satisfaction of the judgment was a collusive one, brought about by the desire on the part of the insurance company to realize upon this claim of doubtful value. This contention, however, is based upon the erroneous theory that the judgment in case No. 3025 belongs to the appellant, and that the appellant is not bound by the acts of the agents who procured that judgment, even though it ratifies their act to the extent of appropriating the fruits of their action in the form of a judgment. This contention we think conflicts with the fundamental principles of agency which is thus stated in 21 Ruling Case Law, 923, 924, § 102:

"If a principal elects to ratify any portion of an unauthorized transaction of his agent he must ratify the whole of it. He cannot avail himself of such acts as are beneficial to him, and repudiate such as are detrimental, whether the ratification be expresed or implied. If, for example, an agent obtains possession of the property of another by making a stipulation or condition which he is not authorized to make, the principal must either return the property, or remain subject to the condition upon which it was parted with by the former owner. Similarly, keeping part of the goods left for a person with an unauthorized agent, who assumed to accept them in discharge of a contract which the other party had the option to discharge either in goods or in money, ratifies the act of the agent in accepting the goods, and prevents the rejection of other portions of the goods. And on the same principle the payee of a renewal note cannot, after knowledge of all the facts, ratify the act of his agent in obtaining such note by suing thereon, and at the same time repudiate as unauthorized the act of his agent in executing contemporaneously therewith an agreement detrimental to him, which contemporaneous agreement was the inducing cause of the execution of the renewal note.

(21 R. C. L. 923, 924, § 102 of Principal and Agent.)"

In view of the action of the appellant in abandoning the suit No. 3004 brought by it and in moving to appropriate the fruits of the action brought by the Peking government, we find it unnecessary to discuss or further consider the perplexing problems growing out of the civil war in China and the conflicting claims of the various civil and military organizations claiming to represent all or a part of China. If the appellant had adhered to its position taken originally on appeal in its case No. 3004, some of these questions pressed upon us for consideration would have required determination, but, for the reasons stated, it is unnecessary to enter into these perplexing questions.

Order affirmed.

SAWTELLE, Circuit Judge, concurs.