**BRADBURN v. McINTOSH et al.**

**SAME v. BOX et al.**

**SAME v. DILL et al.**

**SAME v. WOOD et al.**

Nos. 3301, 3302, 3303, 3306.

Circuit Court of Appeals, Tenth Circuit.

Feb. 4, 1947.

936

See also 159 F.2d 925.

Creekmore Wallace and Don Anderson, both of Oklahoma City, Okl. .(B. E. Harkey, of Oklahoma City, Okl., on the briefs), for appellant.

Alfred Stevenson, of Holdenville, Okl., and Charles Champion, of Tulsa, Okl., for appellees.

R. A. Hockensmith, of Okmulgee, Okl., on the brief for appellees Wilbur C. McIntosh and Mamie T. McIntosh.

W. T. Anglin, Alfred Stevenson and O. S. Huser, all of Holdenville, Okl., on the brief for appellee Lura A. Box.

Malcolm E. Rosser, of Muskogee, Okl., on the brief for appellees Glenn E. Dill, Beatrice E. Dill, and W. H. Dill.

Logan Stephenson, F. C. Swindell, Q. M. Dickason, and Charles N. Champion, all of Tulsa, Okl., on the brief for appellees Glenn E. Dill, Beatrice E. Dill, Chris G. Scoufos, O. L. Howard, and J. W. Fleming.

Before PHILLIPS and MURRAH, Circuit Judges, and BROADDUS, District Judge.

PHILLIPS, Circuit Judge.

I.

On January 12, 1915, the County Court of Okfuskee County, Oklahoma, entered its order adjudging Nancy Bradburn, then Nancy Severs, incompetent, and appointing Fred L. Strough guardian of her person and estate.

On June 9, 1922, Strough, as guardian, loaned to Wilbur C. McIntosh and Mamie T. McIntosh, $50,000. To evidence the loan, the McIntoshes executed and delivered to Strough, as guardian, a promissory note bearing 7 per cent interest, payable annually, due five years after date, with the privilege of paying all, or any part thereof, at any interest-paying date. To secure such note, the McIntoshes executed and delivered to Strough, as guardian, a mortgage on certain land situated in Okfuskee County, Oklahoma.

On January 29, 1923, the County Court appointed H. C. Skinner co-guardian of Nancy's person and estate. Thereafter, Strough resigned as guardian. He endorsed the note and assigned the mortgage to Skinner, as guardian.

On June 14, 1924, the County Court entered its order adjudging Nancy restored to capacity, discharging the guardian and directing him to deliver to Nancy all property of whatever description belonging to her in his hands as guardian.

On June 14, 1924, after Nancy had been restored to capacity, Skinner, as guardian, transferred the note and mortgage to her.

On June 14, 1924, Nancy executed a trust agreement in which she named Washington Grayson and Hill Moore as trustees, and transferred certain property to such trustees. She also executed supplemental trust agreements, in which Grayson

and Moore were named as trustees, on September 9, 1924, April 13, 1925, and September 24, 1925.

On June 14, 1924, Nancy endorsed the note and assigned the mortgage to Grayson and Moore, as trustees. For the years 1923 and 1924, the McIntoshes paid the interest to the guardian. For the years 1925 and 1926, they paid the interest to the trustees. On November 26, 1927, they paid the principal of the note and the accrued interest to the trustees. The trustees duly released the mortgage. The money loaned and the note and mortgage were not restricted property.

On October 27, 1942, Nancy brought an action against the McIntoshes seeking a decree vacating and setting aside the order of the County Court restoring her to capacity, and canceling the trust agreements, the various assignments of the note and mortgage, and the release of the mortgage, and awarding a judgment against the McIntoshes for the principal of the note, with interest other than the interest paid to the guardian, and for the foreclosure of the mortgage. From a judgment in favor of the McIntoshes, Nancy has prosecuted an appeal which is Number 3301 on the docket of this court.

## II.

On March 23, 1928, Lura A. Box and Harrison Box, her husband, borrowed from the trustees, $6,000. To evidence such loan, the Boxes executed and delivered to the trustees one principal note for $6,000, dated March 23, 1928, and due March 23, 1931, and six interest notes, each for $240, maturing semiannually. To secure such notes, the Boxes executed and delivered to the trustees a mortgage on certain real estate situated in Okemah, Okfuskee County, Oklahoma.

On December 19, 1929, Moore resigned as trustee, and, at the personal request of Nancy, D. W. Johnston accepted appointment as joint trustee with Grayson. Lura A. Box paid to the trustees the principal and interest on such notes, in accordance with the tenor thereof, and thereupon the trustees executed a release of the mortgage.

On June 20, 1941, Lura A. Box, a widow, executed and delivered to A. J. Martin, a mortgage on a portion of the real estate covered by the mortgage to the trustees, to secure a note for the principal sum of $5,525, payable in monthly instalments, with interest at the rate of 8 per cent per annum.

On October 25, 1943, Nancy brought an action against Lura A. Box and A. J. Martin seeking a decree setting aside the order restoring her to capacity, and canceling the trust agreements, the release of the mortgage, and the mortgage to Martin, and awarding judgment against Lura A. Box for the principal amount of the note of March 23, 1928, and the accrued interest thereon, and for the foreclosure of the mortgage to the trustees. From a judgment in favor of Lura A. Box and Martin, Nancy has prosecuted an appeal which is numbered 3302 on the docket of this court.

## III.

On June 12, 1928, W. H. Dill, Mamie E. Dill, Glenn E. Dill, and Beatrice E. Dill borrowed $16,000 from the trustees. To evidence such loan, they executed one note for $1,000, due December 12, 1928, one for $11,000, due June 12, 1933, and eight notes for $500 each, one due June 12, 1929, and the remaining seven due at intervals of six months thereafter, the last thereof maturing on December 12, 1932, all bearing interest at 8 per cent per annum, payable semi-annually. To secure such notes, the Dills executed and delivered to the trustees a mortgage on lots 19, 20, and 21 in block 18, and lot 7 in block 24, in Okemah, Okfuskee County, Oklahoma. On March 5, 1929, the trustees released lot 7 in block 24 from the mortgage. The Dills made payments on the notes from time to time. On or about November 28, 1936, the Dills paid the trustees $2,700 in cash and conveyed to the trustees lot 7 in block 24 at a valuation of $5,000, in full satisfaction of the indebtedness. Thereupon, the trustees delivered the notes to the Dills and executed and delivered to them a release of the mortgage.

On October 28, 1943, Nancy brought an action against the Dills seeking a decree

setting aside the order restoring her to capacity, and canceling the trust agreements and the releases of the mortgage, and awarding judgment against the Dills for the principal amount of the notes, with accrued interest thereon, and for the foreclosure of the mortgage. From a judgment in favor of the Dills, Nancy has prosecuted an appeal which is numbered 3303 on the docket of this court.

## IV.

On May 7, 1927, W. P. Wood and Marette Wood borrowed $6,000 from the trustees, Grayson and Moore. To evidence such loan, the Woods executed and delivered to the trustees three notes dated May 7, 1927, each in the principal sum of $1,000, due two, three, and four years after date, respectively, and one note for $3,000, dated May 7, 1927, due five years after date, with interest at 8 per cent per annum, payable annually. To secure such notes, the Woods executed and delivered to the trustees a mortgage on certain real estate situated in Okemah, Okfuskee County, Oklahoma. The Woods paid to the trustees, principal and interest on the first two notes as they matured, the interest on the remaining notes, as they matured, to May 7, 1930, and, on July 11, 1930, the balance of the principal of the notes and the accrued interest. The trustees thereupon released the mortgage.

On September 10, 1940, Wood entered into a written lease with J. Webster Jones, by which Wood leased to Jones, for a term of five years, the real estate covered by the mortgage, and other property.

On January 29, 1944, Nancy brought an action against the Woods and Jones seeking a decree setting aside the order restoring her to capacity, and canceling the trust agreements and the release of the mortgage, and awarding judgment against the Woods for the principal amount of the notes, with accrued interest thereon, and for the foreclosure of the mortgage. From a judgment in favor of the Woods and Jones, Nancy has prosecuted an appeal which is numbered 3306 on the docket of this court.

As grounds for the relief sought, Nancy set up that the order of the County Court restoring her to capacity was void, that she was incompetent in fact, and a charge of fraud.

For the reasons stated in our opinion in Bradburn v. McIntosh, 10 Cir., 159 F.2d 925, we hold that the order restoring Nancy to capacity was not void and is not open to collateral attack.

The proof wholly failed to establish that the McIntoshes, the Boxes, the Dills, the Woods, or any of them, participated in, or had knowledge of, any fraud practiced on Nancy. It follows that Nancy is not entitled to any equitable relief with respect to the order restoring her to capacity, the trust agreements, or the transfers of the notes and mortgages as against the makers of the notes, who, acting in good faith and in reliance on such order, the trust agreements, and the authority of the trustees to act thereunder, paid the principal and accrued interest on their respective notes to the holders thereof.[1]

We conclude, therefore, that, as against the makers of the notes and mortgages, Nancy was not entitled to any relief.

Moreover, in Numbers 3302, 3303, and 3306, Nancy seeks to take the benefits of the provisions of the promissory notes, other than the promise in each to pay the principal and interest to the trustees, and of the respective mortgages given to secure such notes, and to repudiate that portion of the notes providing for payment to the trustees. If a principal elects to ratify any portion of an unauthorized transaction by one purporting to act as his agent, he must ratify the whole of it. He cannot avail himself of that which is advantageous to him and repudiate that which is detrimental; approbans non reprobat—one approbating cannot reprobate.[2]

Affirmed.

---

[1] See Bradburn v. McIntosh, 10 Cir., 159 F.2d 925.

[2] J. I. Case Threshing Mach. Co. v. Lyons & Co., 40 Okl. 356, 138 P. 167, 168; Lee v. Little, 81 Okl. 168, 197 P. 449, 451; Republic of China v. Merchants' Fire Assur. Corp. of N. Y., 9 Cir., 49 F.2d 862, 865; Maryland Casualty Co. v. Beebe, 10 Cir., 54 F.2d 743, 746.